Joseph Jaspan, J.
The court’s attention is being called, with increasing frequency, to the People’s practice of permitting felony cases to be dismissed at scheduled preliminary hearings in the Criminal Court of the City of New York for lack of prosecution.
In some eases police officers or other witnesses are not readily available when needed, and in other cases the People *302 prefer such a dismissal to the exposure of their key witnesses as, for example, an undercover agent in a drug purchase.
While there is no constitutional guarantee of a preliminary hearing (People v. Abbatiello, 30 A D 2d 11; Matter of Gould v. Dubin, 25 A D 2d 884), subsequent indictment without notice to the defendant creates speedy-trial problems.
Where the defendant cannot be located after such a “ secret ” indictment because he has given a false address, or where he ignores due notice of arraignment on such indictment, the court has little difficulty in resolving the speedy-trial motion against him. Where, on the other hand, the defendant continues to be available either because he is in custody or because adequate information about him is in the court files, delay may result in a dismissal of the indictment on a speedy-trial motion.
The instant case does not fall neatly into either category.
The defendant was indicted on May 25, 1972 on two counts of robbery in the first degree, two counts of robbery in the second degree, grand larceny in the third degree, and assault in the second degree, each crime alleged to have occurred on December 27,1971.
The defendant had been arrested on that day, December 27, 1971, and arraigned in the Criminal Court on December 28,1971. However, the case was dismissed on January 12,1972 in the Criminal Court for failure to prosecute.
The case was thereafter presented to the Grand Jury and the defendant was indicted on May 25,1972.
However, the defendant was not arraigned on this indictment until May 24, 1974, two years after indictment and some 29 months after his initial arrest. The defendant urges that this delay warrants a dismissal of the charges against him and so moves pursuant to CPL 210.20 (subd. 1, par. [g]). No claim is made that events subsequent to his May 24,1974 arraignment unduly delayed a trial.
A hearing before me developed the foregoing facts and the following explanation for this unusual timetable.
At the time of defendant’s arrest he gave his address as 61 Lexington Avenue, without indicating the borough. No claim is made and I do not find that the omission was intended to deceive or to frustrate any effort to locate him. The probation officer who took the information assumed the address to be in Brooklyn, a logical conclusion since the defendant’s criminal activity was alleged to have taken place in Brooklyn, and since Lexington Avenue is a well-known street in that borough. The “ R. O. B. sheet ” prepared at or about the time of his *303 arrest and signed ¡by the defendant did not indicate any borough. The symbol “ K ” in a circle seems to have been added. “ K ” apparently refers to Kings County.
In fact, however, the defendant resided at 61 Lexington Avenue in the Borough of Manhattan at the time of his arrest and continuously thereafter to the present time.
There is no proof of any kind that the defendant knew of the indictment prior to May of 1974. At that time he applied for a job to the City of New York and was fingerprinted in aid of his application. A check of these fingerprints revealed the instant indictment and resulted in a call to defendant who voluntarily surrendered.
The People in explanation for the delay have established that after the defendant failed to appear for arraignment on the indictment in 1972, the warrant squad went to 61 Lexington Avenue in Brooklyn on three separate occasions, only to find that this was a vacant lot and that the defendant was not available in that immediate area.
The question now presented is whether the long delay occasioned by this mutual mistake justifies a dismissal of the indictment.
“ Delay alone does not automatically breach the defendant’s constitutional and statutory rights. Each such case must be determined on balance, i.e., the conduct of the prosecution and that of the defendant are weighed ”. (People v. Timothy, 34 N Y 2d 867, 868, citing People v. Blakely, 34 N Y 2d 311.)
The Supreme Court of the United ’States, in Barker v. Wingo (407 U. S. 514, 530), has also said that the court must apply “ a balancing test, in which the conduct of both the prosecution and the defendant are weighed.”
The Supreme Court in Barker identified four factors that should be assessed in determining when a particular defendant has been deprived of his Sixth Amendment rights: (1) length of the delay; (2) the reason the People assign to the delay; (3) the defendant’s assertion of his right; and (4) prejudice to the defendant.
Speaking in terms of the length of the delay, the Supreme Court said: ‘ ‘ Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.” (Barker v. Wingo, supra, p. 530.)
The delay involved in the case before us was two years, certainly sufficient to cause the court to take a close look at the facts and conduct of both the defendant and the prosecution in its effort to engage in the required delicate balancing test.
*304 While the length of the 'delay alone is not determinative of the issues here, it does serve as a “ triggering ” mechanism which prompts a further inquiry into the conduct of the parties.
We must next move to a consideration of the reasons the People assign to the delay. The People simply state that they were unaware of the defendant’s true address and upon the basis of the available information had confined their search for the defendant to the Borough of Brooklyn, and that search was fruitless.
There is no claim here that the delay was in any manner intentionally engineered by the People in order to gain á tactical advantage. This tactic is clearly proscribed by Barker v. Wingo (supra) and United States v. Marion (404 U. S. 307).
A defendant is not obligated to bring himself to trial. This obligation rests with the People who, having initiated a criminal proceeding by indicting the defendant, have the obligation of continuing to pursue the matter to see that it reaches its lawful conclusion (People v. Prosser, 309 N. Y. 353).
But the burden upon the People is relative. With 300,000 outstanding bench warrants in the City of New York, they cannot be expected to pursue their targets with the singleness of purpose of the classic “head hunters.” A reasonable effort to locate the defendant is all that is required.
The defendant himself has contributed to the delay by failing to indicate the borough in which he resided. He alone was in possession of the singular information that his address was Manhattan and not in the borough in which he was frequently found and in which he often pursued his criminal activities.
Since the defendant timely moved for the relief sought herein, we need consider only one more point.
The last and probably the most important factor to ibe considered is the question of prejudice.
As was stated by the Supreme Court in United States v. Marion (supra, p. 322): “ Possible prejudice is inherent in any delay, however short; it may also weaken the Government’s case.” (United States v. Marion, supra.)
It is the People who have the burden of proof. The People’s case will in all likelihood depend to a considerable extent upon eyewitness identification. In view of the fact that the defendant here has not demonstrated any actual prejudice resulting from the delay, it would seem that any inherent prejudice is offset by the prejudice to the prosecution who must, with the faded memory of its witnesses, establish its case beyond a reasonable doubt.
*305 The People exercised reasonable diligence in their attempt to bring the defendant to trial. The defendant must, at the very least, share responsibility for the delay and cannot use his incomplete response as to his address as a shield against prosecution. The balancing test tips in favor of the People. The defendant’s motion for a dismissal of the indictment is denied.