OPINION OF THE COURT
Phyllis Orlikoff Plug, J.
The defendant herein, charged with the offenses of petit larceny and criminal possession of stolen property in the third degree, has moved to dismiss the accusatory instrument pursuant to CPL 30.30
Defendant was arrested on December 9, 1982, and given a desk appearance ticket (DAT) which was returnable in Bronx Criminal Court AR9, January 20, 1983. (Although this DAT was marked returnable in AR9, all Bronx County DAT’s should be marked returnable, Bronx Criminal Court AP10. Indeed, on the return date, defendant was listed on the daily calendar for AP10.) When he did not appear on that date, a bench warrant was issued by Judge R. Seewald in APIO. On March 2, 1984, the defendant was *119 brought in on an involuntary return and released on his own recognizance the next day. He was subsequently arraigned by this court on March 12, 1984.
More than 90 days have elapsed since the return date of the DAT, and the defendant, citing People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790, revd on lower ct opn 59 NY2d 921), claims the People were not ready for trial within the statutorily prescribed time period.
Although Colon (supra) appears to be controlling, defendant’s reliance thereon must be scrutinized. In Colon, the Court of Appeals held that unless the People converted a misdemeanor complaint into a jurisdictionally sufficient information within 90 days from the commencement of the action of a class A misdemeanor (60 days for a class B misdemeanor), they could not be ready for trial.
Factually, the case at bar and Colon (supra) are similar. The defendant in Colon, using three different aliases, had been issued three separate DAT’s over a period of 15 months, and he never appeared on any of the return dates. Finally, three months after the return date of the last DAT, all bench warrants which had been issued for his arrest were executed and he was returned to court and arraigned. Applying the principle of People v Sturgis (38 NY2d 625), the lower court held that the People could only be ready for trial in a misdemeanor case instituted by a DAT if they had converted a complaint into an information within 90 or 60 days from the commencement of the action, thereby conferring jurisdiction upon the court to try the defendant. The presence of the defendant on the return date was not deemed to be of paramount concern since his absence would not be the cause of any delay in the People’s case.
Reliance on Colon (supra) is misplaced in this instance however. By arguing that this case should be dismissed because of the prolonged lapse in time from the return date of the DAT until the defendant’s eventual arraignment, defendant begs the issue. An action must commence before any speedy trial provisions become applicable. Consequently, the issue to be addressed is when did this action commence.
*120 At the time Colon (supra) was first being litigated, CPL 30.30 (subd 5, par [b]) read “where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date such appearance ticket is returnable in a local criminal court” (emphasis added). Therefore, the decision in Colon simply extended the rule previously enunciated in People v Sturgis (supra), from misdemeanor cases which had originated in the filing of a felony complaint to cases in which a defendant was issued a DAT. That is, the People now had to convert any misdemeanor complaints into informations within 90 or 60 days from the return date of the DAT.
Subsequently, in 1982, the Legislature amended CPL 30.30 (subd 5, par [b]) to state that when a defendant is issued a DAT, the action commences “on the date the defendant first appears in a local criminal court in response to the ticket”. (CPL 30.30, subd 5, par [b], as amd by L 1982, ch 109, § 1, eff May 18, 1982.)
The action taken by the Legislature was motivated as a response to the Criminal Court’s decision in Colon (supra), and injects a rule of simplicity into an area that is already rife with complex litigation. While previously the presence of the defendant on the return date was not of great import, it is now of paramount concern since an action on a DAT cannot commence without him.
In amending this section, the Legislature specifically addressed situations such as the case at bar where a defendant never appears on the required return date and, by remaining absent for longer than the requisite speedy trial period, is unjustly benefited by a dismissal of the charges against him because the People have failed to complete what is, at most, a ministerial duty. The change is desirable, since in nonfelony cases, it is unreasonable to require the prosecutor to answer “ready” when the defendant has not complied with process. (Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1983-1984 Pocket Part, CPL 30.30, p 27.) Since the defendant did not appear in response to the DAT on the return date, the action did not commence on that date. Initially, therefore, this situation is different from the one encountered by the court in Colon.
*121 Defendant’s position is also distinguishable from People v Colon (supra) for a second, and more fundamental reason.
The People in this case are in possession of an accusatory instrument which satisfies all the statutory requirements for an information. The instrument does not contain any hearsay allegations and consists of factual allegations which, if taken as true, establish every element of the offense charged. Therefore, the accusatory instrument at all times has complied with the statutory requirements of an information (CPL 100.40, subd [1]; People v Gittens, 103 Misc 2d 309). While it would have been desirable for the People to indicate on the face of the accusatory instrument that this was an information, this court is certainly able to detect when an information is before it.
The simple failure by the People to place a check mark in the box provided next to the word “information” on the face of this form did not transform this information into a complaint. To hold otherwise would unduly emphasize form over substance.
Assuming, arguendo, that the People were not in possession of an information on the return date, there is one last allegation made in the defendant’s moving papers that should be addressed.
As noted previously, a bench warrant was issued against this defendant by Judge Seewald, Criminal Court, AP10 (the DAT return part) when he failed to appear there on the return date. The defendant claims that he reported to where the DAT had been marked returnable, AR9 (the summons part in Bronx Criminal Court) on the return date, and was instructed by “a court officer” to return home because he was not on the calendar, and await notification of when to return. Defendant contends that these events satisfied the appearance requirement of CPL 30.30 (subd 5, par [b]) and commenced the running of the speedy trial provisions of this section.
Accepting the defendant’s tale at face value, his mere presence somewhere in the Criminal Court building on the return date did not satisfy the requirement that he appear in response to the DAT issued to him. A defendant must make more than a token effort to ensure that he is in the right courtroom at the right time. In this case, either a *122 glance at the bulletin board which lists the daily calendars and is located directly to the left of the entrance to the Criminal Court building, or an inquiry at the information desk, located immediately to the right of the entrance, would have directed the defendant to the correct courtroom. It also is unlikely that a court officer, when asked by a person responding to a DAT where he should go, would direct that person to go home instead of sending him to the correct courtroom — the location of which has not changed in several years and is one flight down from AR9. Since neither the defendant nor his attorney appeared on the record in APIO on the return date, thereby submitting to the court’s jurisdiction, the court was certainly justified in issuing a bench warrant for the return of this defendant (CPL 150.60).
Accordingly, as the People have been in possession of an information since the return date of the DAT and the defendant did not appear in response to it until March 12, 1984, at which point the present criminal action against him commenced, the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 is denied.