OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant is charged with operating a motor vehicle while intoxicated. He has moved for an order dismissing this criminal action, claiming to have been denied his right to a speedy trial. (CPL 30.30.) This motion requires the court to consider a novel interaction between CPL 30.30 and provisions of the Vehicle and Traffic Law, raising a question of apparent first impression. In light of this State’s continuing and commendable efforts to remove drunk drivers from our streets and highways, this issue is certain to be raised again.
*977 FACTS
The defendant, Curtis Richberg, was arrested on October 27, 1983 in New York County where it is alleged that he operated a motor vehicle while intoxicated. The defendant was given an appearance ticket (DAT) with a return date of November 17, 1983.
On November 17, 1983 the defendant appeared in court in response to the DAT; at that time he was arraigned on a criminal complaint. The accusatory section of the criminal complaint listed two charges: driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 2); and consumption of alcoholic beverages in a motor vehicle (Vehicle and Traffic Law, § 1227).
The factual portion of the criminal complaint stated the following:
“Deponent states that he observed the defendant operating a 1981 Chevrolet, NY Reg. 8593AJH, at a DWI safety check point in an intoxicated condition, in that defendant’s breath smelled of alcohol, defendant had watery bloodshot eyes, defendant was unsteady on his feet and there was an open case of Budweiser beer in the car.
“Deponent further states that he is informed by P.O. Pniewski, #31543, Highway I, that informant administered to defendant a chemical test and that test indicated that defendant’s blood alcohol content was .16 of one percent.”
The complaint had been sworn to and signed by the deponent, a police officer, on November 1,1983, prior to the defendant’s first court appearance.
When the defendant appeared on November 17, 1983, the arraignment date, a motion schedule was established. The matter was adjourned to January 5,1984 for a decision on the motions.
The motions were decided on January 5, 1984, at which time suppression hearings were ordered. The case was adjourned to January 16, 1984.
On January 16,1984 the defendant failed to appear and a warrant was ordered and stayed to January 31,1984. On January 31, 1984 both sides appeared and the matter was adjourned, on consent, to February 10, 1984.
*978 On February 10, 1984 both sides answered ready. The police officers were in court. The officer who administered the breathalyzer test, Police Officer Pniewski, signed a corroborating affidavit which was filed with the court.
From affidavits filed with the court it appears that a court officer informed a trial preparation assistant (TPA) of the District Attorney’s office that no Jury Parts were available. The TP A passed this information on to the Assistant District Attorney in the Calendar Part who released the officers to telephone alerts. The assistant failed to inform the court of her intention to release the officers.
As the facts developed, there was a Jury Part available to take the suppression hearings. The assistant’s efforts to activate the telephone alerts failed. Once it became clear that the police officers would not return to court, this matter was adjourned to March 6, 1984.
On March 6, 1984 the case was adjourned to March 16, 1984 for hearings and decision on the defendant’s speedy trial motion. This matter has been on numerous times since March 6, 1984, primarily awaiting minutes of prior proceedings and, ultimately, this decision.
CONCLUSIONS OF LAW
Part I — Subdivision 2 of section 1192 of the Vehicle and Traffic Law
The defendant is accused of driving while intoxicated which is an A misdemeanor. (Vehicle and Traffic Law, § 1192, subd 5.) The People must be ready for trial within 90 days when a defendant is accused of an A misdemeanor. (CPL 30.30, subd 1, par [b].)
When a defendant is served with a DAT, his statutory right to a speedy trial does not attach until the first time he appears in court in response to the DAT. (People v Paige, 124 Misc 2d 118; CPL 30.30, subd 5, par [b].) In the action now before the court, the defendant’s right to a speedy trial, as guaranteed by CPL 30.30, attached on November 17,1983, the date the defendant appeared for arraignment in response to the DAT.
*979 This motion to dismiss was made on March 6, 1984, the 110th day of this proceeding. The defendant has made a prima facie showing of undue delay of more than 90 days. (People v Mouliere, 118 Misc 2d 999.) The District Attorney must come forward with an explanation of why he is not chargeable with delay in excess of 90 days. (CPL 170.45; 210.45, subd 7; People v Rivera, 72 AD2d 922; People v Del Valle, 63 AD2d 830.)
The court will determine this motion based on the court record, minutes of prior appearances and the moving papers. No hearing will be held as the papers raise no factual dispute. (CPL 170.45; 210.45, subd 4, par [c].)
On November 17, 1983, the defendant was arraigned on a criminal complaint charging a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, driving with a .10 of one per centum or more by weight of alcohol in his blood. A criminal complaint is a form of accusatory instrument which is sufficient to commence a criminal proceeding but is jurisdictionally insufficient to take a matter to trial unless the right to prosecution by information is waived. (CPL 100.10, subd 4; People v Connor, 63 NY2d 11; People v Weinberg, 34 NY2d 429; People v Pinto, 88 Misc 2d 303.)
An information is an accusatory instrument sufficient to commence and to prosecute a criminal action. (CPL 100.10, subd 1; People v Scott, 3 NY2d 148; People v Mosier, 10 Misc 2d 815.) When a criminal action, as here, commences on a misdemeanor complaint, that complaint must be converted to a jurisdictionally sufficient information before the People can answer ready for trial. (People v Colon, 110 Misc 2d 917, 59 NY2d 921.) To convert a complaint to a jurisdictionally sufficient information, the People are required to file a corroborating affidavit, thereby eliminating the hearsay nature of the complaint. (People v Redding, 109 Misc 2d 487.)
In the original criminal complaint in this matter, the factual allegation supporting the charge of subdivision 2 of section 1192 was the result of the breathalyzer test. The facts were given to the deponent by another officer and therefore were hearsay. A corroborating affidavit was needed to convert the complaint to an information as to the *980 subdivision 2 of section 1192 charge. This corroborating affidavit was filed on February 10, 1984, the 85th day of this proceeding.
The People cannot answer ready for trial until they have converted a misdemeanor complaint into a jurisdictionally sufficient information (People v Colon, supra). None of the exclusions listed under CPL 30.30 (subd 4) will apply until conversion has been completed (People v Arturo, 122 Misc 2d 1058). In light of the above, all the time (85 days) from the commencement of the action on November 17, 1983 until the corroborating affidavit was filed on February 10, 1984, is chargeable to the People.
Conversion to an information does not fulfill the People’s obligation under CPL 30.30. The People are required to answer ready for trial in open court. (People v Hamilton, 46 NY2d 932; People v O’Neal, 99 AD2d 844.) The People attempted to answer ready for trial on February 10, 1984. This court will not accept the People’s statement of readiness without further inquiry. (People v Filim, NYLJ, Aug. 23, 1984, p 12, col 2 [App Term, 2d Dept].) On the day the People answered ready their witnesses could not be produced in court when a part was available to hear this matter. The court finds that the People’s attempt to answer ready for trial on February 10, 1984 was ineffective.
More than 110 days of chargeable time have elapsed since the defendant’s right to a speedy trial attached on November 17,1983. Since the People failed to satisfy their obligation under CPL 30.30 by answering ready in a timely manner, this court must dismiss the charge of driving while intoxicated under subdivision 2 of section 1192.
Part II — Section 1196 of the Vehicle and Traffic Law
The dismissal of the subdivision 2 of section 1192 charge does not end the analysis of the speedy trial issues in this case. Under the operation of section 1196 of the Vehicle and Traffic Law, the People may proceed on a charge of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). Section 1196, as more fully set out in a footnote,[1] *981 states that if the accusatory section of an accusatory instrument charges a violation of subdivision 2 or 3 of section 1192, then the People may proceed on any of the subdivisions of section 1192. The constitutionality and application of this statute was upheld by the Court of Appeals in People v Farmer (36 NY2d 386).
The factual part of the original accusatory instrument set out sufficient nonhearsay allegations to form an information charging the defendant with common-law driving while intoxicated under subdivision 3 of section 1192. That fact that subdivision 3 of section 1192 is not charged in the accusatory section of the instrument is rendered academic by the provision of section 1196 (see n 1).
It must be noted that section 1196 is not a “boot strapping” device which can be used to save defective criminal pleadings. Rather section 1196 recognizes the fact that a charge under section 1192 sufficiently “gives notice of the generic offense” (People v Farmer, supra, at p 390) to permit the People to proceed under any of the subdivisions of section 1192.
In this case the accusatory section listed only subdivision 2 of section 1192 but the factual section of the instrument made out the facts for subdivision 3 of section 1192. Had the factual section been insufficient to make out a charge of subdivision 3 of section 1192, then nothing in section 1196 would have permitted the People to proceed under subdivision 3 of section 1192.
The court must now review the proceedings under the information, charging common-law driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3) to determine if the defendant has been denied his right to a speedy trial.
Part III — Subdivision 3 of section 1192 of the Vehicle and Traffic Law
As stated above, the defendant’s right to a speedy trial attaches on the first day he appears in court in response to a DAT. The proceeding on this information commenced on November 17, 1983 when the defendant appeared for arraignment.
*982 On November 17,1983 the defendant was arraigned and the case was adjourned for 49 days to January 5, 1984. During this adjournment both sides submitted omnibus motions. The People consent to have a large part of this adjournment charged to them. The court finds that despite the People’s consent, the motion practice during this adjournment renders this time excludable under CPL 30.30 (subd 4, par [a]). (People v Marshall, 91 AD2d 900; People v Brothers, 72 AD2d 616; People v Outerbridge, NYLJ, May 24, 1984, p 10, col 5 [App Term, 1st Dept].)
On January 5, 1984, the court decided the motions and ordered a Mapp/Huntley hearing to be held. The matter was adjourned to January 16,1984. This court must determine if this 11-day adjournment is to be charged to the People. (People v O’Neal, 99 AD2d 844, supra.) This determination must be made on the law and experience and not by the application of a mechanical mathematical rule. The highest court in this State has acknowledged that “certain delays are inherent in any criminal justice system and must be tolerated” (People v Dean, 45 NY2d 651, 657).
Prior to January 5, 1984, it would have been impossible for the People to have known that the court was going to order hearings. It would be unreasonable for a court to penalize the People for failing to answer ready for hearings on the very day they were first ordered. This court holds that the 11-day adjournment was a reasonable delay to permit the parties to prepare for pretrial hearings. Under this reasonable delay approach, this time will not be charged to the People. (People v Green, 90 AD2d 705.)
On January 16, 1984, the defendant failed to appear in court. A warrant was ordered and stayed until January 31, 1984. Logic would dictate that this time be excluded from CPL 30.30 calculations so as to prevent an absent defendant from benefitting from his own absence. The law, however, is not always logical.
Both CPL 30.30 (subd 4, par [c])[2] and CPL 30.30 (subd 4, par [c])[3] as amended by chapter 670 of the Laws of 1984, *983 effective August 1, 1984,[4] require the People to exercise due diligence in their efforts to locate an absent defendant. As a nisi prius court we are obligated to apply the clear language of statutes to the facts of a particular case. The People have shown no effort to find the defendant and comply with the statute beyond the issuing and staying of a warrant.
The mere issuing of a warrant is insufficient to satisfy the People’s obligation to exercise due diligence in their effort to locate the defendant. The courts of this State have looked for some affirmative act by the police department in testing the due diligence standard. (People v Smith, 103 Misc 2d 640 [visit by warrant officer to defendant’s last known residence and other locations was sufficient to show due diligence]; People v Beltran, 88 AD2d 830 [officer made two trips to Puerto Rico, talked to defendant’s family and updated file showed sufficient due diligence]; People v Wittmann, 73 AD2d 1053 [sending police to last known address without checking post office or Social Security office was insufficient].)
In the case before us, because the People made no attempt to locate the defendant, the People failed to satisfy the burden which the statute places upon them. Therefore, the 15-day period from January 16, 1984 to January 31, 1984 is chargeable to the People despite the defendant’s failure to appear in court.
Under the current legislative scheme, a defendant clearly benefits by absenting himself from the court. It is *984 this court’s hope that the Legislature will amend CPL 30.30 (subd 4, par [c])[5] to obviate this irrational result.
On January 31, 1984, the defendant did appear in court and the matter was adjourned on consent for 10 days to February TO, 1984. This time is not charged to the People. (CPL 30.30, subd 4, par [b]; People v Stanton, 71 AD2d 932.)
On February 10, 1984 the People’s attempt to answer ready was ineffective as discussed above. The case was adjourned for 25 days to March 6, 1984. This time is chargeable to the People.
On March 6, 1984, the motion to dismiss on speedy trial grounds was made. All subsequent appearances have been awaiting minutes of prior appearances or, ultimately, this decision. These subsequent adjournments must be charged to the court and are excludable time. (CPL 30.30, subd 4, par [b]; People v Blyden, 79 AD2d 192.)
The court finds that as of March 6,1984 only 40 days of includable time have elapsed against the People. The defendant’s motion to dismiss the charge of subdivision 3 of section 1192 pursuant to CPL 30.30 must be denied.
Part IV — Section 1227 of the Vehicle and Traffic Law
The same analysis of the procedural history of this case applies to the section 1227 of the Vehicle and Traffic Law charge. This charge was also an information at the time the action commenced. Although this charge is a traffic infraction and not a crime, the People have 90 days to answer ready as the defendant was charged with a misdemeanor at the same time. (CPL 30.30, subd 1, par [b].) As only 40 days of includable time have expired, this branch of the defendant’s motion must be denied.
Part V — CPL 30.20
The defendant further claims that his constitutional right to a speedy trial as set out in CPL 30.20 and the Sixth Amendment to the United States Constitution have been impaired. Five factors must be considered in determining *985 such a motion: (1) the length of the delay; (2) the reasons for the delay; (3) pretrial incarceration, if any; (4) nature of the underlying charge; and (5) indication of prejudice to the defendant. (People v Taranovich, 37 NY2d 442.) In this case there was no pretrial incarceration, no showing of prejudice to the defendant, the delay was relatively brief and the underlying charges are serious. This court finds that the defendant’s constitutional right to a speedy trial has not been impaired.
Part VI — Amended information
Finally this court must address the issue raised by the People’s filing of a new complaint on March 16, 1984. This was not a superseding information which would affect the calculations for a CPL 30.30 motion. (See People v Reid, 110 Misc 2d 1083.)
This new complaint was unnecessary due to the operation of section 1196. At most it represents a permissible amendment under CPL 100.45 (subd 3). (People v Twine, 121 Misc 2d 762.)
CONCLUSION
Defendant’s motion to dismiss the charges of subdivision 2 of section 1192 of the Vehicle and Traffic Law is granted. The People may proceed to trial on the charge of subdivision 3 of section 1192 and section 1227.

. Vehicle and Traffic Law, § 1196. “Conviction for different charge; limitations “1. A driver may be convicted of a violation of subdivision one, two or three of section eleven hundred ninety-two of this chapter, notwithstanding that the charge laid before the court alleged a violation of subdivision two or three of section eleven hundred ninety-two of this chapter, and regardless of whether or not such conviction is based on a plea of guilty.”

. CPL 30.30 (subd 4).
“In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
■ “(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or”.

. CPL 30.30 (subd 4) as amended.
*983 “In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
“(c) the period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or”.

. This court does not reach the issue of the retroactivity of the amendment of CPL 30.30 (subd 4, par [c]).

. The Legislature could correct this problem in CPL 30.30 (subd 4, par [c]) in a dramatically simple fashion: the statute could be amended to eliminate the requirement that the People exercise “due diligence” to ascertain the location of a defendant who fails to appear in court.