OPINION OF THE COURT
Renee White, J.
The defendant, Eugene Anderson, is charged by information with violating the following sections of the Penal Law: § 155.25 (petit larceny) and § 165.40 (criminal possession of stolen property in the third degree). He now moves for a dismissal pursuant to CPL 170.30 (1) (e), claiming that he has been denied his right to a speedy trial as guaranteed by CPL 30.30 (1) (b) or, in the alternative, for an order pursuant to CPL 170.45 and 210.45 granting a hearing to make the appropriate findings of fact essential to the determination of this motion.
The court papers disclose the following facts. On April 12, 1984, the defendant was allegedly observed by Special Police Officer Rowe, shield number 2751, inside a Pathmark Drug Store located at 2551 Broadway, with intent to deprive another of property and to appropriate the same to himself. It is alleged that the defendant took property valued in excess of $100, *809 concealed it under his jacket and left the store knowingly in possession of the property without paying for it. He was arrested and given a desk appearance ticket (DAT), returnable on May 3, 1984.
The defendant failed to appear in response to the DAT on May 3, 1984. The following day, May 4, 1984, a bench warrant was issued for his arrest.
On August 27,1984, the defendant was brought into Part AP7 of the Manhattan Criminal Court on an involuntary return on that warrant. The defendant was arraigned, and the case was adjourned to August 29, 1984 for the purpose of fingerprinting the defendant. The two-day period is chargeable to the People.
The People did not answer ready for trial on August 29,1984, and the case was adjourned to October 16, 1984. Since the 48 intervening days are not excludable pursuant to CPL 30.30, the entire period is charged to the People.
The defendant failed to appear on the next adjourned date, and a bench warrant was issued for his arrest. He was returned to court on December 14, 1984, the intervening period being excludable pursuant to CPL 30.30 (4) (c), and the case was adjourned to December 20, 1984. The adjournment period, consisting of six days, is chargeable as the People did not indicate their readiness for trial.
On December 20, 1984 a schedule was set down for discovery motions, and the case was adjourned to January 25,1985. This period, consisting of 36 days, is excludable pursuant to CPL 30.30 (4) (a).
The instant motion was filed on the very next adjourn date, January 25, 1985. The People did not file their response to defendant’s motion until February 22, 1985. The defendant subsequently filed a reply to the People’s response, whereupon the People submitted a memorandum in opposition to the defendant’s motion.
From August 29,1984, the day that the defendant herein was arraigned, to January 25,1985, the day that the defendant filed the instant motion, 151 days have elapsed wherein the People have not answered ready for trial. Once the defendant has shown a delay exceeding the period specified by statute — in this instance 90 days (CPL 30.30 [1] [b]), “[t]he burden of proving that certain periods within that time [are excludable] falls upon the People” (People v Berkowitz, 50 NY2d 333, 349 [1980]).
*810 At first blush this appears to be a relatively simple issue to decide. According to CPL 30.30 (5) (b): “where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket”. Therefore, since the defendant made his first appearance (albeit involuntarily) in response to the DAT in question on August 27, 1984, and, in the court’s determination, only 56 days of includable time have elapsed since that time, it would seem that the defendant’s motion must be denied.
However, the defense counsel, through his motion papers, has put forth an interesting and rather novel argument. Although it is true that the defendant did not appear in response to that particular DAT until August 27, 1984, the defendant was present in the Manhattan Criminal Court on May 31,1984, having been arrested on May 29, 1984, and charged with violating Penal Law § 165.15 (theft of services). He was arraigned in AR5 on May 31,1984, docket number 4NO45282 and bail set at $100. On June 15, 1984, the defendant pleaded guilty to the charge, and having never met bail, was sentenced to time served.
Defense counsel contends that the defendant actually appeared on this case on May 31,1984. When arraigned on the new arrest (docket 4NO45282) the NYSID sheet clearly reflected the existence of the May 4,1984 bench warrant issued on this case. The People failed to investigate that obvious notation on the NYSID sheet and failed to locate the warrant. Thus, the defendant argues, the People’s failure to locate the warrant and have the defendant arraigned on the warrant shows such a lack of due diligence that it must be chargeable to the People. As a result the defendant claims the time from May 31, 1984 to the defendant’s next appearance on this case (Aug. 27, 1984) is chargeable to the People (a total of 88 days).
The People counter that the speedy trial provisions set out in CPL 30.30 had not attached as the defendant had never appeared and been arraigned on the DAT in question (CPL 30.30 [5] [b]). They cite People v Paige (124 Misc 2d 118 [Crim Ct, Bronx County 1984]). In Paige, the defendant was arrested on December 9, 1982, and charged with violating Penal Law §§ 155.25 (petit larceny) and 165.40 (criminal possession of stolen property). He was given a DAT, returnable in Bronx Criminal Court, AR9 on January 20, 1983. When he appeared on the return date his name was not on the calendar in AR9, and he was instructed by “a court officer” to go home and await notification. However, his name was on the calendar in AP10 *811 and a bench warrant issued. The defendant was apprehended, returned to court on March 2,1984, and arraigned on March 12, 1984. Defense counsel moved to dismiss the charges pursuant to CPL 30.30, contending that the defendant “appeared” on January 20, 1983, in compliance with the DAT and more than 90 days lapsed since the commencement of the action. The court stated: “[The defendant’s] mere presence somewhere in the Criminal Court building on the return date did not satisfy the requirement that he appear in response to the DAT issued to him. A defendant must make more than a token effort to ensure that he is in the right courtroom at the right time” (at p 121).
After careful review of the court papers, as well as the substantive arguments made by both defense counsel and the Assistant District Attorney, this court makes the following determination.
The defendant Eugene Anderson failed, of his own volition, to appear on May 3, 1984, as directed by the DAT. As a result, a bench warrant was issued for his arrest. On May 29, 1984, the defendant was arrested, on an unrelated charge. He was arraigned on that charge on May 31,1984. For the next 16 days he remained in the custody of the Department of Correction. On June 16,1984, the case was disposed of and he was released. The District Attorney’s office had full knowledge of, and, in fact, prosecuted that case. The defendant did not appear in Manhattan Criminal Court again until August 27, 1984, when he was arrested pursuant to the warrant issued on May 4, 1984, and brought involuntarily to the courthouse. He was arraigned on the instant charges at that time.
The period of time the defendant was in custody after his arraignment on the unrelated case, until the period he was released from custody 16 days later is chargeable to the People.
The office of the District Attorney is, in effect, a law firm. The knowledge of one Assistant District Attorney is imputed to the other members of that office (Santobello v New York, 404 US 257 [1971]). Thus, the District Attorney’s office had actual knowledge of the defendant’s whereabouts. The defendant’s NYSID (“rap sheet”) attached to the court file and District Attorney’s file, when the defendant was arraigned on the arrest of May 29, 1984 clearly discloses the existence of the outstanding bench warrant. A mere examination of that NYSID sheet should have caused the District Attorney to locate the warrant. If that ministerial action had been taken, the defendant would have been arraigned and the criminal action commenced. Indeed, “[t]he government cannot complain of the defendant’s continued *812 unavailability when the government chooses not to employ means readily at its disposal to procure his presence” (United States v Salzmann, 417 F Supp 1139, 1155 [1976], affd 548 F2d 395 [1976]).
The court is aware of the many thousands of outstanding bench warrants in the City of New York. The People “cannot be expected to pursue their targets with the singleness of purpose of the classic ‘head hunters.’ A reasonable effort to locate the defendant is all that is required.” (People v Davis, 80 Misc 2d 301, 304 [1975].) It is this court’s opinion that an effort to locate a defendant’s prior bench warrant which appears on the NYSID sheet is not an unreasonable burden to place on the prosecutor. No such effort was made here.
However, the period from the defendant’s release from custody on June 16, 1984 until his involuntary return on August 27, 1984 will not be charged to the People. Upon his release, the defendant did not seek to respond to the desk appearance ticket. In effect, he voluntarily absented himself. Such action cannot inure to his benefit, for although “[t]he defendant has a right to a speedy trial * * * he also has the obligation to appear when requested to do so.” (People v Simonetti, 62 Misc 2d 285, 287 [1969].)
The defendant’s action on June 16, 1984 is equivalent to a reissuance of a bench warrant. At that time he was no longer in custody and he voluntarily failed to appear on the DAT. “The defendant, by his own act of being unavailable, cannot convert the statute from being a shield into a sword.” (People v Escoto, 121 Misc 2d 957, 964-965 [1983]; cf. Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]; CPL 30.30.)
In sum, this court recognizes that the right to a speedy trial protects a defendant from only that delay which occurs after the compaencement of a criminal proceeding. (People v Bryant, 65 AD2d 333, 335 [1978]; see, United States v Marion, 404 US 307 [1971]; United States v Lovasco, 431 US 783 [1977].)
For speedy trial purposes, this proceeding is deemed to have commenced on May 31, 1984, the day the defendant was before the court on an unrelated case. If the prosecutor had merely examined the NYSID sheet and noticed the outstanding warrant (an effort less than the standard of due diligence) the defendant could have been arraigned on this case. The District Attorney must be required to make this very minimal effort to bring defendant before the court. However, upon the defendant’s release from custody, he failed to take any action to appear on this case. At that time he was no longer before the court, he *813 voluntarily absented himself and he waived the protection of the speedy trial statute. (People v Escoto, supra, per CPL 30.30 [4] [a].)
Thus, this court finds that only 72 days are chargeable to the People. These 72 days consist of the 56 days of includable time that have elapsed since the defendant was arraigned on the present charges, and the 16 days during which the defendant was incarcerated on the unrelated charge. Therefore, the defendant’s motion is denied.