*80 OPINION OF THE COURT
Richard C. Failla, J.
I. PROCEDURAL HISTORY
Through an information dated December 24, 1984, the defendant Joe Felder was charged with violating Penal Law §§ 155.25 and 165.40 (petit larceny and criminal possession of stolen property in the third degree). Both of these charges are class A misdemeanors and arise out of the same set of circumstances. Mr. Felder is accused of having knowingly absconded with two snowsuits and one bathrobe, valued at $139, which allegedly belonged to Macy’s Department Store. The motion now before this court concerns the defendant’s right to a speedy trial under CPL 30.30 and the United States Constitution (codified in CPL 30.20).
Procedurally, this case has a protracted history. The defendant was arrested on December 24, 1984 and was given a desk appearance ticket requiring his appearance in court on January 14, 1985. At the time of his arrest for the present charges, Mr. Felder was on parole. At some point prior to January 14, Mr. Felder was arrested and reincarcerated for having violated a condition of that parole. Mr. Felder’s reincarceration for his parole violation expired August 2, 1985 and he was produced by the Department of Correctional Services in Manhattan Criminal Court and arraigned on the current charges that same day. On October 18, 1985, the defense moved for dismissal of the instant case, arguing that the defendant’s constitutional right to a speedy trial had been violated. On November 8, 1985, this court granted defendant’s motion from the Bench with a written decision to follow.
After further evaluating its decision to dismiss, the court requested both counsel file with the court additional memoranda of law addressing defendant’s constitutional and statutory rights to a speedy trial.
II. MOTION TO DISMISS PURSUANT TO THE CONSTITUTIONAL SPEEDY TRIAL RULE CODIFIED UNDER CPL 30.20
The defense chose not to submit any supplemental papers concerning the constitutional grounds for dismissal. The People argue that defendant’s motion is insufficient as a matter of law because it simply states that Mr. Felder was "clearly denied” his right to a "speedy trial as interpreted under *81 constitutional due process since he was jailed in New York for seven months without being arraigned on this charge.”
Under the State and Federal Constitutions, there is no requirement that the defendant must be tried within a specified period. In Barker v Wingo (407 US 514 [1972]), the Supreme Court, while postulating a situation in which a mere 60-day continuance might necessitate dismissal (supra, at pp 521-522), found that a delay of well over five years did not mandate dismissal of the case based upon constitutional speedy trial grounds. Thus, the court must look at additional factors or circumstances surrounding or causing the alleged delay.
In People v Taranovich (37 NY2d 442 [1975]), the Court of Appeals found five factors around which a motion to dismiss under CPL 30.20 must be premised. These factors are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay. (People v Taranovich, supra, at p 445.) Because the defense failed to allege any facts aside from the defendant’s seven-month incarceration, the defendant’s motion to dismiss pursuant to CPL 30.20 must be denied.
III. MOTION TO DISMISS PURSUANT TO THE STATUTORY SPEEDY TRIAL RULE CODIFIED UNDER CPL 30.30
In defendant’s motion papers dated October 8, 1985, the defense failed to move to dismiss under CPL 30.30. In their more recent papers the defense asks this court to dismiss under CPL 30.30 in light of facts not previously before the court.
The defendant was given a desk appearance ticket (DAT) upon his arrest for these charges on December 24, 1984. The DAT required his presence in court for arraignment on January 14, 1985. Mr. Felder was unable to comply with this summons because he had been incarcerated in the interim. Mr. Felder was not arraigned on these charges until August 2, 1985 when he was brought before a Judge of the Criminal Court by the Department of Correctional Services based on the warrant which had been issued on January 14, 1985.
In cases involving class A misdemeanors, CPL 30.30 (1) (b) requires the prosecution to be ready for trial within 90 days. *82 When a defendant is issued a DAT, this time does not begin to run until the criminal action has commenced which, under CPL 30.30 (5) (b), does not occur until the "defendant first appears in a local criminal court in response to the ticket”. If this court were to construe these sections literally, without regard to their purpose, it would deny the defendant’s request. But although justice must be blind to those it serves, it must also be sensitive to circumstances and situations which cause and color events.
CPL 30.30 was designed by the Legislature to compel the People to be ready to proceed to trial within specified periods of time. (People v Berkowitz, 50 NY2d 333 [1980].) With certain exceptions (see, People v Worley, 66 NY2d 523 [1985]; People v Anderson, 66 NY2d 529 [1985]), delays caused by the People beyond these statutory periods must result in the dismissal of the case. Whether or not the defense is ready to proceed is inapposite to the court’s findings. Similarly, the defense need not demonstrate that the People’s failure to be ready caused them any prejudice. (People v Hamilton, 46 NY2d 932 [1979].) Finally, once the defense has established a prima facie case of noncompliance, the burden then shifts and the People must demonstrate that they in fact had abided by the statute’s standards. (People v Brothers, 50 NY2d 413 [1980].)
Both parties agree that this court’s decision turns on whether or not the People are to be held accountable for the seven-month postponement of the defendant’s arraignment. The People’s argument rests entirely on distinctions between this case and People v Anderson (127 Misc 2d 808 [Crim Ct, NY County 1985, R. White, J.]).
In Anderson (supra), the defendant was given a DAT and failed to appear in court on the return date. In Anderson’s absence the arraignment Judge issued a bench warrant for his arrest. A few months later, Anderson was arrested and arraigned on an entirely different matter. Despite the fact that Anderson’s NYSID sheet clearly indicated that there was an outstanding bench warrant for his arrest on an earlier charge, the defendant was neither produced nor arraigned on the earlier charge. Judge White found that the People failed to act diligently and were responsible for the delay caused by the defendant’s absence for the period of his incarceration. In order to comply with CPL 30.30 (5) (b), Judge White deemed the action to have commenced at the time the defendant appeared in Criminal Court on the later matter after a *83 warrant had been issued when he had earlier failed to appear on the DAT.
The People argue that Anderson (supra) is distinguishable from this case. The Anderson standard of due diligence, according to the People, is inapplicable in this case because Mr. Felder never appeared in court prior to or in response to his parole violation. Consequently, the District Attorney’s office could not know about Mr. Felder’s outstanding bench warrant issued in response to his failure to appear on the earlier DAT.
Initially the People’s argument sounds persuasive but it is not dispositive of the issue. In the instant case, the People are correct when they assert that the District Attorney’s office did not act improperly. However, the defendant’s absence cannot be found to be volitional and must be attributed to a lack of diligence on the People’s behalf.
When Mr. Felder violated his parole,[1] he was placed in the custody of the Department of Correctional Services. It is well established that both the District Attorney’s office and the Department of Correctional Services are deemed to be agents of the State. (People v Masselli, 13 NY2d 1 [1963]; People v Sylvester, 29 AD2d 985 [1968].) "[T]hus, the failure of the Department of Correctional Services to produce the defendant is chargeable to” the People. (People v Scott, 56 AD2d 667 [2d Dept 1977].)
It is reprehensible that the Department of Correctional Services, though vigilant in ascertaining a defendant’s warrant status immediately before his release, is often lax and negligent in initially researching the same defendant’s record upon his incarceration after the parole revocation hearing. The courts are equipped with a complex computer system for the protection of society and defendants. In availing themselves of this system only at the time of a defendant’s imminent release, the Department of Correctional Services is implicitly and unilaterally finding a defendant’s right to a speedy trial to be intrinsically less valuable than the rights of society in general. This sort of behavior will be neither encouraged nor condoned by this court through a decision vindicating the People of the misfeasance or malfeasance of the State Department of Correctional Services. The standard of diligence to be applied to the District Attorney’s office is equally applicable to the Department of Correctional Services.
*84 Despite this lack of diligence, however, the plain meaning of CPL 30.30 (5) (b) seems to compel denial of the defendant’s motion. Under that section, the cause of action does not commence until the defendant’s appearance on a DAT, which in the instant case did not occur until he was produced in court by the Department of Correctional Services upon the completion of an earlier imposed jail sentence. But statutes should not be so strictly construed that a decision conflicts with the statute’s raison d’étre. As previously indicated, a speedy trial has been found not to be merely the right of a defendant but also the obligation of the State. When Mr. Felder was imprisoned by the Parole Board for violating a condition of parole, the People, through the Department of Correctional Services, were on constructive notice of his obligation to appear in court on January 14, 1985. Their lack of diligence caused his absence; the People should not benefit through their own misfeasance.
When the Legislature enacted CPL 30.30, it could not have anticipated every possible permutation and situation that might arise in the future. It is for this reason that the law is seen as a living, breathing organism which must be interpreted and evaluated not through cryptic adherence to words and formalities but through the application of the statute’s purpose to unforeseen events.
The Court of Appeals, in interpreting CPL 30.30, has placed the burden of readiness squarely and wholely upon the People. I abide by this interpretation by applying the rule of constructive commencement implicit in the Anderson (supra) decision. Therefore, under this rule I find that this cause of action was constructively commenced on January 14, 1985, the date a warrant was issued for the defendant’s arrest while he was in custody of the Department of Correctional Services.
The People are hereby charged with the delay arising out of defendant’s seven-month incarceration. The court need look no further than this delay because this period, in and of itself, is ample to necessitate the dismissal of the action pursuant to CPL 30.30 (1) (b).[2] The defendant’s motion to dismiss is therefore granted.

. This court is not presently privy to the reason(s) for Mr. Felder’s violation of parole, nor is this information necessary for the proper disposition of the instant motion.

. Aside from the seven-month incarceration, the defense does not allege that the People should be charged with any other period of delay.