THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v MARVIN COOPER, Defendant.

Criminal Court of the City of New York, New York County, February 24, 1989

## APPEARANCES OF COUNSEL

*Noel M. Ziegler* for defendant. *Robert M. Morgenthau, District Attorney (Scott Douglas Burke* of counsel), for plaintiff.

## OPINION OF THE COURT

MARY MCGOWAN DAVIS, J.

On July 10, 1988, this court granted defendant Marvin

Cooper's motion to dismiss the information charging him with knowingly possessing stolen property in violation of Penal Law § 165.40 on the ground that the People had not met their statutory obligation under CPL 30.30 to answer ready for trial within 90 days after commencement of this criminal action. Although defendant had not previously appeared in court in response to the desk appearance ticket (DAT) issued at the time of his arrest, the court ruled that because he had been continuously in the custody of the Department of Correction since November 8, 1987—which date preceded the November 23, 1987 return date of the desk appearance ticket—the People must be held accountable, under CPL 30.30, for the intervening seven-month delay in bringing him before the court. In reaching this result, the court relied on two decisions by the Criminal Court of New York County, *People v Felder* (132 Misc 2d 79 [Crim Ct, NY County 1986]) and *People v Anderson* (127 Misc 2d 808 [Crim Ct, NY County 1985]), which hold that when an incarcerated defendant's failure to appear in response to a desk appearance ticket is attributable to the People's own lack of "due diligence", the criminal action is deemed to have "constructively commenced" for CPL 30.30 purposes on the date the People learn, or should have learned, of their obligation to produce him in court.

By notice of motion dated August 16, 1988, the People moved to reargue the motion to dismiss, urging that the *Felder* and *Anderson* decisions *(supra)* were wrongly decided and were not, in any event, binding on this court. The motion to reargue was granted on October 11, 1988, and both sides were invited to submit papers assessing the propriety of the court's ruling dismissing the information under CPL 170.30 and 30.30. After reconsideration of the issues presented by the parties' written and oral submissions, this court decided, on November 4, 1988, to vacate the earlier dismissal and restore the case to the calendar. For the reasons articulated on the record on that occasion—and elaborated below—the court now rejects the "constructive commencement" theory of *Felder* and *Anderson* and holds that this action commenced, for CPL 30.30 purposes, on July 10, 1988, when defendant was first arraigned on this information.

### FACTS

Defendant Marvin Cooper was arrested on November 3, 1987 and charged with possessing stolen property—namely,

Amtrak tickets—in violation of Penal Law § 165.40. A desk appearance ticket issued to Mr. Cooper by the arresting officer directed him to appear in court on November 23, 1987 to answer the charge. Meanwhile, on November 8, 1987, defendant was arrested on new larceny-related charges (docket No. 7N112226). He was held in jail in lieu of $1,000 bail on the new case and, on December 14, 1987, after pleading guilty to petit larceny before the Honorable Michael Stallman, was sentenced to seven months in prison. Because defendant was in the custody of the Department of Correction on November 23, 1987—the date of his scheduled arraignment on the desk appearance ticket at issue here—he did not appear in court on that day, and a warrant issued for his arrest.

Defendant completed his seven-month sentence in July 1987. On July 10, immediately prior to his anticipated release from custody, he was produced in court by the Department of Correction in response to the outstanding warrant, which had been discovered during the course of routine prerelease processing by the prison authorities.

In support of his motion to dismiss the information pursuant to CPL 170.30 and 30.30, defendant urges that because he was in the custody of the Department of Correction on November 23, 1987—the day he was directed to appear on this case—this action must be deemed to have commenced on that day, and the People's failure to answer ready for trial within 90 days thereafter mandates dismissal of the information. Invoking the theory of "constructive commencement" articulated in *People v Felder (supra,* 132 Misc 2d, at 84) and *People v Anderson (supra,* 127 Misc 2d, at 812) defendant maintains that the People's failure to arrange for his prompt appearance on this case amounts to a sanctionable lack of "due diligence", since evidence of this "prior pending matter" appeared on his N.Y.S.I.D. sheet at the time of his arraignment on the petit larceny charge and the People should have been aware at that time of his custodial status.

The People counter that CPL 30.30 plainly specifies that when a defendant has been issued a desk appearance ticket, statutory speedy trial time commences on "the date the defendant first appears in a local criminal court in response to the ticket" (CPL 30.30 [5] [b])—in this case, July 10, 1988. They urge the court either to disavow completely—or to distinguish on their facts—the *Felder* and *Anderson* cases *(supra),* which endorse a judicially created exception to this unambiguous provision, and to restore this case to the calen-

dar because, at most, only 22 days of chargeable time have elapsed.

LEGAL DISCUSSION

Before turning to a discussion of the *Felder* and *Anderson* decisions *(supra)*, it is undisputed that the plain wording of the ready-for-trial statute itself mandates a finding that July 10, 1988 is the date the speedy trial "clock" began to tick in this case. Prior to 1982, statutory speedy trial time on a desk appearance ticket began to run on the date that "such appearance ticket [was] returnable in a local criminal court." (CPL 30.30 [5] [former (b)].) In 1982, however, the statute was amended to provide that for readiness purposes, "[w]here a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket" (CPL 30.30 [5] [b], as amended by L 1982, ch 109, § 1, eff May 18, 1982). Scrutiny of the legislative history indicates that this change was prompted by court decisions *(see, e.g., People v Colon,* 110 Misc 2d 917, *revd* 112 Misc 2d 790, *revd on lower ct opn* 59 NY2d 921 [1983]) holding that the People must convert a desk appearance ticket to an information within 90 days of the return date of the ticket or face dismissal of the prosecution under CPL 30.30, regardless whether the defendant actually appeared in court to answer the DAT. The amendment tolling application of the statutory readiness rule until the defendant makes such an appearance reflects the legislators' considered judgment that it is "unreasonable to require the prosecutor to prepare [for trial] and answer 'ready' when the defendant has not complied with process." (Bellacosa, 1982 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, 1989 Supp Pamph, at 56-57; *see also, People v Richberg,* 125 Misc 2d 975 [Crim Ct, NY County 1984]; *People v Paige,* 124 Misc 2d 118, 120 [Crim Ct, Bronx County 1984] ["While previously the presence of the defendant on the return date was not of great import, it is now of paramount concern since an action on a DAT cannot commence without him."].)

Notwithstanding the clear legislative directive that predicates commencement of statutory ready-for-trial time on a defendant's actual presence in court to answer the DAT, two decisions of the Criminal Court in New York County have declined to insist on a literal construction of CPL 30.30 (5) (b)

when the People's own lack of diligence has caused the defendant's delayed appearance. In *People v Anderson (supra,* 127 Misc 2d, at 809) the defendant failed to appear in response to a DAT issued upon his arrest for petit larceny and, accordingly, the court issued a bench warrant on May 4, 1984. Several weeks later the defendant was arrested and arraigned on new charges. At his arraignment on the new arrest, on May 31, 1984, the N.Y.S.I.D. sheet reflected that a bench warrant had issued on the prior case. The warrant was not located on that date, however, nor did it "fall" on defendant 16 days later when he was released from custody after disposing of the unrelated case. Two months later, in August 1984, the defendant was arrested on the warrant and arraigned on the DAT. In computing the time under CPL 30.30, the court held that the proceeding was "deemed to have commenced", not on the August date defendant first appeared in court in response to the DAT, but on May 31, the day he was arraigned on the unrelated case. Rejecting the People's argument that the statutory readiness provisions did not "attach" until the defendant actually answered the desk appearance ticket, the court ruled that the People must make a "reasonable" effort to procure the defendant's presence in court for that purpose: "If the prosecutor had merely examined the NYSID sheet and noticed the outstanding warrant (an effort less than the standard of due diligence) the defendant could have been arraigned on this case. The District Attorney must be required to make this very minimal effort to bring defendant before the court" *(supra,* 127 Misc 2d, at 812).

The court in *People v Felder* (132 Misc 2d 79, 84, *supra)* likewise attributed the defendant's tardy arraignment on a desk appearance ticket to the People's "misfeasance". The defendant in *Felder* was arrested in December 1984 and given a desk appearance ticket requiring his presence in court on January 14, 1985. At some point prior to January 14, the defendant was arrested for a violation of parole and was reincarcerated. He completed his sentence for the parole violation on August 2, 1985 and was produced by the Department of Correctional Services in court on that same day in response to the DAT warrant. The court granted the defendant's speedy trial motion, brought pursuant to CPL 30.30, holding that the cause of action had "constructively commenced" on January 14, 1985, the date "a warrant was issued for the defendant's arrest while he was in custody of the Department of Correctional Services" *(supra,* at 84). In reach-

ing this result, which the court conceded was at odds with the plain wording of the statute, the court observed: "[S]tatutes should not be so strictly construed that a decision conflicts with the statute's raison d'etre. As previously indicated, a speedy trial has been found not to be merely the right of a defendant but also the obligation of the State. When Mr. Felder was imprisoned by the Parole Board for violating a condition of parole, the People, through the Department of Correctional Services, were on constructive notice of his obligation to appear in court on January 14, 1985. Their lack of diligence caused his absence; the People should not benefit through their own misfeasance." *(Supra,* 132 Misc 2d, at 84.)

This court shares the concerns articulated by the *Felder* and *Anderson* courts, but believes that the equitable arguments underlying the "constructive commencement" theory applied in those cases belong more appropriately to due process and CPL 30.20 analysis than to construction of the unambiguous wording of CPL 30.30 (5) (b). The statutory readiness rule embodied in CPL 30.30 was enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial; it does not address other problems involving a defendant's right to a speedy trial or due process of law in the constitutional sense. *(People v Sinistaj,* 67 NY2d 236, 239 [1986]; *People v Anderson,* 66 NY2d 529, 535 [1985].)* Judicial embellishment of the relatively straightforward language of CPL 30.30 (5) (b), so as to apply "the statute's purpose to unforeseen events" *(see, People v Felder, supra,* 132 Misc 2d, at 84) is unnecessary and unwarranted, both because the language of the amended statute and its legislative history reflect a clear purpose to condition the commencement of statutory ready-for-trial time upon a defendant's personal appearance in response to a DAT and because there exist alternative remedies for defendants like Mr. Cooper, who attribute their delayed arraignment on a desk appearance ticket to negligence by the People.

The courts in this State have long held that "unreasonable delay in prosecuting a defendant constitutes a denial of due process of law" *(People v Staley,* 41 NY2d 789, 791 [1977]) and that, "in a proper case, a lengthy and unjustifiable delay in commencing the prosecution may require dismissal even though no actual prejudice to the defendant is shown". *(People v Singer,* 44 NY2d 241, 253-254 [1978].) Indeed, the Court of Appeals has emphasized that "the State due process requirement of a prompt prosecution is broader than the right to a speedy trial guaranteed by statute (see CPL 30.20; see, also,

CPL 30.30) and the Sixth Amendment (see *United States v Marion,* 404 US 307, *supra; Klopfer v North Carolina,* 386 US 213)" and is "less rigid" than the right to due process guaranteed by the Federal Constitution. *(People v Singer, supra,* 44 NY2d, at 253.) In assessing such a due process claim or a claim that defendant has been denied his statutory right to a speedy trial *(see,* CPL 30.20), the courts invoke a balancing test, evaluating certain identified factors "on an *ad hoc* basis since no rigid precepts may be formulated which apply to each and every instance". *(People v Taranovich,* 37 NY2d 442, 445 [1975].) Among the factors to be considered in analyzing whether a defendant's trial has been unnecessarily postponed are the following: the length of delay; the reason for the delay; the degree of actual prejudice to the defendant; the nature of the underlying offense; and whether or not there has been an extended period of pretrial incarceration. Examination of these factors properly focuses on the People's obligation to secure a defendant his statutory and constitutional rights to a speedy trial, and the burden is on the People to demonstrate that any delay in promptly prosecuting the defendant is not unreasonable. *(People v Singer, supra,* 44 NY2d, at 255.)

Defendant Cooper's insistence that the People were less than "diligent" in producing him for arraignment on the present charge—if true—is properly vindicated by resort to a motion to dismiss on CPL 30.20 or due process grounds. It is not, however, grounds for dismissal under CPL 30.30 (5) (b), which by its own terms places the onus on the defendant to comply with the court's process in order to trigger application of the readiness rule. Notwithstanding judicial gloss to the contrary, the operative date here of the ready-for-trial statute was July 10, 1988, when defendant first appeared "in response to" the DAT, and not some putative date when the People arguably knew, or should have known, of Mr. Cooper's custodial status.

In view of the court's holding that this criminal action commenced, for CPL 30.30 purposes, on July 10, 1988, it is unnecessary to consider the People's alternative arguments distinguishing this case from *Felder* and *Anderson (supra)* on its facts or contending that, at most, 22 days of chargeable time have elapsed. Indeed, virtually no includable time has accrued on this case, since all adjournments subsequent to arraignment have been either for motion practice or at coun-

sel's request to secure her client's presence in court. Because defendant has made no appearance whatever on this case since July 10, 1988, no motion to dismiss on CPL 30.20 or due process grounds has been filed to date, and the court will accordingly not speculate at this time as to the issues such a motion might present.