OPINION OF THE COURT
John A. Carroll, J.
The defendant is charged with violating Vehicle and Traffic Law § 511 (2). He now moves to dismiss the accusatory instrument on the ground that it is insufficient as a matter of law (CPL 170.30, 170.35, 100.40 [1]).
In response to the motion the People contend that the accusatory instrument herein is a "simplified traffic information” rather than a regular information, and hence, its sufficiency is to be determined pursuant to CPL 100.40 (2), rather than CPL 100.40 (1). In support of this position the People cite the recently decided case of People v Lydon (Block, J.). In that case the court made reference to a letter from the Senior Administrative Law Judge of the Department of Motor Vehicles to the Commissioner of the Police Department wherein it was stated that the Commissioner had approved the form of the submitted "summons”. Based upon this letter the court held that the Commissioner had approved the instrument now *926 before the court as a simplified traffic information. Upon careful review of the applicable statutory and case authority, this court is constrained to respectfully disagree, and holds that the instrument in question is a regular information which is subject to the sufficiency requirements of CPL 100.40 (1).
CPL 100.10 (2) (a) defines a simplified traffic information as a "written accusation by a police officer * * * filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged, but contains no factual allegations of an evidentiary nature supporting such charge or charges” (emphasis added).
In conjunction with the above-quoted statute, Vehicle and Traffic Law § 207 (1) provides the statutory authority for the Commissioner of Motor Vehicles to prescribe the form of the summons and complaint in all cases involving violations of the Vehicle and Traffic Law. Pursuant to this statutory authorization, the Commissioner duly promulgated the form of the uniform traffic ticket which is found in 15 NYCRR part 91. Part II of the uniform traffic ticket is declared to be the simplified traffic information. Pursuant to 15 NYCRR 91.7 (b), the simplified traffic information is to be printed on salmon stock; is to be labeled as a simplified traffic information, and in accordance with CPL 100.10 (2) (a), shall not have a section for factual allegations. 15 NYCRR 91.5 and 91.7 also provide that no variations from the format prescribed shall be permitted unless prior written approval is obtained from the Commissioner.
The accusatory instrument now before the court bears no resemblance whatsoever to the simplified traffic information found in the regulations. It is entitled a complaint/information; it is white; it is of a physically different shape; and it contains a section for factual allegations, which has been filled in. The apparent reason for the discrepancy is that the present instrument was initially prepared not pursuant to Vehicle and Traffic Law § 207, but rather so as to satisfy the requirements of Vehicle and Traffic Law §§ 225 and 226. Those statutes refer to the procedure to be followed with respect to administrative adjudication of traffic infractions. Section 226 specifically authorizes the Commissioner to prescribe the form of the summons and complaint for administrative adjudication *927 of such infractions. Pursuant to this authority, the Commissioner promulgated 15 NYCRR part 122. The regulations provide no specific form of the summons, but provide that the packet is to be approximately 414 inches wide and 814 high, and is to contain certain identifying information. 15 NYCRR 122.2 (h) provides that no ticket shall be used unless the type, color, form and layout are approved by the Commissioner.
Vehicle and Traffic Law § 226 (1) provides that the Commissioner may adopt the form of the uniform summons provided for in Vehicle and Traffic Law § 207 for use in administrative adjudications. However, as hereinbefore noted, the Commissioner did not utilize this option and instead promulgated the regulations cited above. In an effort to avoid the necessity of using separate accusatory instruments for court appearances dealing with misdemeanors, and for administrative adjudications of traffic infractions, the police department apparently took the basic form of the part 122 instrument and engraphed onto it a factual portion. This amendment was presumably undertaken with the understanding that a sufficient factual recitation would permit the instrument to conform to the requirements for an information, i.e., CPL 100.15, 100.40, on those occasions when the offense required court proceedings. Moreover, the instrument met the requirements of part 122 if administative steps were appropriate.
As noted above, the court in Lydon (supra) found that the County of Suffolk had made application to the Commissioner for approval of the instrument herein as a simplified traffic information in accordance with 15 NYCRR 91.5 and 91.7 and that such approval was forthcoming. This court need go no further than the NY Constitution to support its position that such correspondence can have no affect on the stature of the instrument. NY Constitution, article IV, § 8 provides that "No rule or regulation made by any state department * * * except such as relates to the organization or internal management of a state department * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
Case law supports the position that the form of a uniform traffic ticket (including a simplified traffic information), which differs from the prescribed form must be promulgated in accordance with this section (People v Simmons, 52 Misc 2d 235). There is no indication that the requisite procedures were followed herein, and hence the Commissioner’s vague approval *928 cannot convert the instrument into a simplified traffic information. Given the differences between the instruments promulgated pursuant to 15 NYCRR parts 91 and 122, the court makes no determination as to the effect of the Commissioner’s approval for use as the latter.
Having found the instrument to be an information, the court must now determine if it is sufficient. CPL 100.40 (1) (c) provides that in order for an information to be sufficient each element of the offense and the defendant’s commission thereof must be established by nonhearsay factual allegations. In this case the factual portion of the information contains no allegations with respect to operation of a vehicle. It also fails to allege that the defendant’s license was revoked due to a refusal to submit to a chemical test or for a violation of the provisions of Vehicle and Traffic Law § 1192. The instrument is therefore defective and must be dismissed. (People v Hall, 48 NY2d 927.)
The motion to dismiss docket No. 2303962 is granted.
As to dockets Nos. 2303963 and 2303964, those matters are set down for trial on October 1, 1985, at 9:30 a.m. in courtroom 102.