OPINION OF THE COURT
Lee Cross, J.
Defendant moves for dismissal of the accusatory instrument *661 which charges a violation of Vehicle and Traffic Law § 511. The motion to dismiss is granted.
The defendant is charged by way of an accusatory instrument printed on both sides of a blue square, entitled "Affidavit —General”, Criminal Court of the City of New York, Form 29.1. This form has been in use since 1965 in the Criminal Court of the City of New York.[1] One half of the front of the form contains the docket number, defendant’s name and similar information. It also contains a space to enter a guilty plea and sentence. The other half of this side contains spaces for adjournments. The opposite side of the form contains the police officer’s affidavit detailing the date, time and place of the offense and a description of what occurred. In this case, the police officer swore that he saw the defendant driving a car on Church Avenue. He said that the official records of the New York State Department of Motor Vehicles state that the defendant’s license to operate a motor vehicle was suspended in that the defendant had approximately 32 suspensions on 11 different dates.
The defendant was arraigned on these charges on May 8, 1992. No abstract of the defendant’s driving record or other supporting deposition from the Department of Motor Vehicles has ever been filed in this case. Defendant moves to dismiss on the grounds that the accusatory instrument is defective, in that it is neither an information nor a simplified traffic information. Counsel is right that the form is defective. The particular form filed, which is commonly used in the Criminal Court of the City of New York, is not a simplified traffic information. A simplified traffic information is a slip of paper approximately four by eight inches in size, salmon in color, containing information specified by the Commissioner of Motor Vehicles. (See, 15 NYCRR 91.5; Vehicle and Traffic Law § 207.) By definition, it contains no factual allegations. (CPL 100.10 [2] [a].) It is given by the police officer directly to the defendant at the scene of the offense and is later filed in court. Pursuant to CPL 100.25 (2), a defendant who is given a simplified traffic information, may request that a supporting deposition, providing reasonable cause to believe that the offense was committed, be filed. The supporting deposition may be based either upon personal knowledge or upon infor *662 motion and belief, that is, upon hearsay. The People have 30 days to comply with the request.[2] A failure timely to file the supporting deposition is a jurisdictional defect which requires dismissal. (People v Reiter, NYLJ, Feb. 14, 1989, at 27, col 3 [App Term, 9th and 10th Jud Dists]; People v Gerloff, 145 Misc 2d 683 [Just Ct, Westchester County 1989].) The accusatory instrument in this case does not meet the prescribed form and is clearly not a simplified trafile information. (See, People v Farley, 129 Misc 2d 925 [Suffolk Dist Ct 1985].)
CPL 100.10 sets forth five types of accusatory instruments which can be used in a local criminal court.[3] In addition to the simplified traffic information (or simplified parks or environmental conservation informations), they are: a misdemeanor complaint, a felony complaint, a prosecutor’s information and an information. The accusatory instrument in this case is clearly not a misdemeanor complaint or a felony complaint since the only charge contained in it is an infraction, not a misdemeanor or a felony. (CPL 100.10.) It also does not fit within the parameters of a prosecutor’s information, as that term is defined. And finally, the accusatory instrument is likewise defective as an information since this accusatory instrument contains hearsay, inasmuch as the police officer has to resort to the records of the Department of Motor Vehicles for information on the status of the defendant’s license. (CPL 100.40 [1].) Thus, the accusatory instrument is defective and the motion to dismiss is granted.
There are three ways in which the People can properly charge a defendant with a violation of Vehicle and Traffic Law § 511. They can file a simplified traffic information along with the affidavit of the police officer stating the facts which *663 are normally contained in the square blueback mentioned above. This would constitute a simplified trafile information and the required supporting deposition, which can contain hearsay. The People can file the affidavit of the police officer along with an abstract or other nonhearsay affidavit from the Department of Motor Vehicles attesting to the suspension of the defendant’s license. This would constitute an information. A prosecution can proceed to trial on either type of accusatory instrument. Finally, when the defendant is also to be charged with a related misdemeanor, the People can join in one accusatory instrument both the misdemeanor charge and the traffic infraction.[4] If that is done, then the infraction would not be dismissed as a complaint and the People would have the speedy trial time applicable to the misdemeanor within which to file the abstract. What the People cannot file is an accusatory instrument charging an infraction which is not a simplified traffic information and which contains hearsay.

. The form has obviously not been updated since 1965, inasmuch as it states that the defendant was advised of his right to a trial "in a part of the Court held by a panel of three judges”. Additionally, if the defendant does not pay an imposed fine, it provides for his imprisonment in the "Workhouse”.

. The 30-day period within which a supporting deposition must be filed when the defendant is given a simplified traffic information has caused much confusion since 30 days is also the speedy trial limit on violations. (CPL 30.30 [1] [d].) While the two time periods are the same they are otherwise entirely unrelated. The charge in this case is a traffic infraction. CPL 30.30 does not apply to traffic infractions. Most trial level decisions have held that CPL 30.30, by its terms, applies to felonies, misdemeanors and violations. A violation is specifically defined to exclude traffic infractions. (Penal Law § 10.00 [3]; People v Wise, 141 Misc 2d 409 [Nassau Dist Ct 1988]; People v Michalek, 138 Misc 2d 1 [Crim Ct, NY County 1987].) Last winter, the Appellate Term for the 9th and 10th Judicial Districts also held that the speedy trial statute does not apply to traffic infractions. (People v Albright, NYLJ, Dec. 6, 1991, at 30, col 4.) Therefore whether an abstract is filed within 30 days is not relevant for speedy trial purposes.

. See also, CPL 1.20 (1), (2).

. In this case, defendant was charged with resisting arrest (Penal Law § 205.30) in 92K023965 at the same time that he was charged with Vehicle Traffic Law § 511 in this case. The charge of resisting arrest is being dismissed because the accusatory instrument has the same defect as in People v Alejandro (70 NY2d 133 [1987]), in that it only says that the officer was placing defendant "under lawful arrest”. Presumably, the defendant was being arrested for the Vehicle and Traffic Law § 511 violation, when he resisted arrest, although neither docket says so. If that is what actually happened, the two charges could have been joined. The allegations about driving with a suspended license would have laid the predicate for the lawfulness of the arrest, so the resisting arrest charge would not have had to be dismissed. And, since the Vehicle and Traffic Law § 511 charge would then properly have been joined with a class A misdemeanor, the People would have had 90 days within which to file an abstract under CPL 30.30 (1) (b).