OPINION OF THE COURT
Sheryl L. Parker, J.
The defendant, Daouda Kouyate, stands charged with one count of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]), and one count of unlicensed operation of a vehicle (Vehicle and Traffic Law § 509 [1]), both traffic infractions. Defendant now moves to dismiss the accusatory instrument for "failure to file a proper accusatory instrument.”
Defendant was arraigned upon the instant matter on June 17, 1993. The factual portion of the accusatory instrument states: "Deponent observed the defendant operating a motor vehicle (the key was in the ignition, the engine was running and defendant was behind the wheel) on a public highway, to wit 110th street and 8th Ave. Deponent conducted a computer check of the records of the New York State Department of Motor Vehicles which revealed that defendant’s driver’s license was suspended for failure to answer a New York summons and and [sic] all such summons have printed on them 'If you do not answer this ticket by mail within fifteen (15) days your license will be suspended.’ ” At the time, defendant was also arraigned upon an unrelated matter (docket No. 91N025070) for which a bench warrant had been previously issued for defendant’s failure to appear. The bench warrant case charged a "Ibrahima Kouyate” with one count of Vehicle Traffic Law § 511 (1) allegedly committed on February 28, 1991.
At arraignment the People also filed with the court and served on defense counsel one Department of Motor Vehicles (DMV) Abstract of Operating Record[1] which lists numerous suspensions that occurred between March 6, 1989 and May 26, 1993. Although the name appearing on the DMV Abstract was Ibrahima Kouyate, the People offered this Abstract on the instant matter as well, alleging that defendant Daouda Kouyate is, in fact, Ibrahima Kouyate, the person who was arrested under docket No. 91N025070.[2] Defense counsel argues *181 that Daouda Kouyate is not the same person as Ibrahima Kouyate. Both cases were adjourned for proof that both defendants were the same person.
On July 13, 1993, the People filed with the court a supporting deposition, which was dated July 1, 1993, from a "B. Bank” which states:
"1.1 am a building manager at 55 West 110th Street, a job I have held for 7 years.
"2. I have viewed the attached photograph. I know the man in the photograph as Ibrahima Kouyate. He lived at 55 West 110th Street for several years on [the] 5th FL. I have initialed the back of the photograph.”
Despite the supporting affidavit from B. Bank, defense counsel maintained that the two defendants were not the same person.
Defendant now moves for dismissal of the instant matter. In support of that motion defendant cites CPL 100.05, which lists the various instruments which may commence a criminal action, and notes that "violation complaint” is not included therein. However, defendant argues that since the DMV Abstract filed at arraignment was for Ibrahima Kouyate and not for Daouda Kouyate, the complaint was never converted to an information. Thus, it is argued that defendant was arraigned upon an improper instrument. Further, although "simplified information” is listed in CPL 100.05 as a proper basis to commence a criminal action, defendant contends that the accusatory instrument herein does not constitute a simplified information because it fails to conform to the form prescribed by statute. As such, defendant submits that this matter must be dismissed.
The People respond that the accusatory instrument filed at defendant’s arraignment was properly converted at that time to an information. Additionally, the People argue that "the fact that the name used by the defendant in the instant action is not the same name under which the suspensions are listed *182 on the DMV abstract should not be given any weight.” In the alternative, the People contend that the accusatory instrument should be considered a simplified traffic information, since a simplified traffic information contains substantially the same information as that contained in the accusatory instrument filed herein. Having considered the arguments put forth, this court finds that the accusatory instrument does not constitute an information, nor can it be deemed a simplified traffic information.
CPL 100.10 describes the various types of accusatory instruments which serve as a basis for the commencement of a criminal action: information; simplified traffic information; simplified parks information; simplified environmental conservation information; prosecutor’s information; misdemeanor complaint; felony complaint. (See, CPL 100.05.) Accordingly, where a defendant is charged with only a violation, or a traffic infraction, as is the case here, the only proper instrument upon which defendant can be arraigned is an information or simplified traffic information. (See, People v Blake, 154 Misc 2d 660 [Crim Ct, Kings County 1992].)
Contrary to the People’s assertions, the accusatory instrument upon which defendant was arraigned was not an information nor was it subsequently converted to an information. An accusatory instrument may be deemed an information only when it conforms to CPL 100.40. In particular, it must contain allegations of fact along with any supporting depositions which provide reasonable cause to believe that the defendant committed the offense charged and which establish, if true, every element of the offense charged and the defendant’s commission of that offense. (CPL 100.40 [1] [b], [c].) In the instant case, the accusatory instrument contains hearsay allegations. As such, it can only be converted to an information upon the filing of a supporting deposition which supports or tends to support the charge contained therein. (CPL 100.20.) Here the necessary supporting deposition is the DMV Abstract. However, the DMV Abstract presented at defendant Daouda Kouyate’s arraignment was inadequate as it was not sufficiently connected to him.
Although defendant cites no cases, and the court knows of none, in which the sufficiency of the DMV Abstract was attacked for failure to be linked to the defendant, there are several decisions in which the sufficiency of laboratory reports were challenged on this basis. In People v Ortiz (NYU, June 2, 1989, at 23, col 3) defendant was charged with criminal *183 possession of a controlled substance in the seventh degree (Penal Law § 220.03). The complaint alleged that defendant possessed heroin in his coat pocket. Apparently, a number of others were arrested at the same time. The laboratory report filed indicated the presence of heroin from some of the items tested. However, one of the items tested indicated only the presence of marihuana. The names of seven buyers, including defendant’s, were listed on the bottom of the report. A property clerk’s voucher, which was also filed, had listed as item number 8 the glassine of heroin purported to be recovered from defendant. The People alleged that item number 8 on the laboratory report which indicated the presence of heroin corresponded to item number 8 on the property voucher. The People thus maintained that the failure of the laboratory report to link the item tested to defendant was cured by the language of the voucher. The court found the laboratory report insufficient, stating: "This [laboratory] report * * * lacks the specificity necessary to establish the prima facie element that the actual substance retrieved from the defendant was a controlled substance. The report fails to connect the items tested with any particular defendant. Moreover this failure to link the defendant with any of the items represented on this report cast doubts on the admissibility of those items. As a matter of law, in order for an item of this nature to be admitted into evidence, the prosecution must * * * establish that 'the evidence is the same item that was seized or used in the cirme [sic] ’ ” (People v Ortiz, at 23, col 4, supra, citing People v Donovan, 141 AD2d 835, 836 [2d Dept 1988] [remaining citations omitted].)
Similarly, in People v Nieves (NYU, Mar. 6, 1989, at 34, col 5) the defendant was arrested for a drug sale to an unnamed apprehended buyer. The charge was subsequently reduced to criminal possession of a controlled substance. The laboratory report indicated the presence of cocaine recovered from a named individual not the defendant. The People argued that the name on the laboratory report was that of the apprehended buyer. The court held that the report was insufficient, since it did not contain defendant’s name nor did the complaint indicate that the drugs were recovered from the person named in the laboratory report. The court refused to accept the People’s hearsay representations that the name on the laboratory report was the person referred to in the complaint as the apprehended buyer. In so holding, the court stated, "There is no link or other indicia from which this Court can *184 conclude that the controlled substance * * * was possessed by the Defendant.” (People v Nieves, supra, at 34, col 6; see also, People v Whitaker, NYLJ, June 21, 1990, at 25, col 2 [lab report insufficient to connect defendant to the drugs].)
In the matter now before this court, the People failed to establish the necessary nexus between this defendant and the DMV Abstract. Indeed, the first name on the Abstract varied from the first name of this defendant. Additionally, the address and date of birth on the Abstract varied from that provided on defendant’s Criminal Justice Agency Interview Report. Further, the court notes that the instant accusatory instrument alleges that this defendant’s license was suspended on February 7, 1993. However, the DMV Abstract does not list February 7, 1993 among the numerous suspension dates. The fact that the People maintained that both defendants are the same person is not enough to cure the defect. (See, People v Nieves, supra.) Finally, the affidavit provided by B. Banks did not provide the necessary nexus in that there is nothing on the documents comprising the accusatory instrument which connects the photograph identified by B. Banks to Daouda Kouyate. As such, the information upon which defendant was arraigned was insufficient. (See, People v Whitaker, supra; People v Ortiz, supra; People v Nieves, supra.)
The People also argue, in the alternative, that the accusatory instrument is a simplified traffic information and, therefore, constituted a proper basis to commence this action. This court disagrees. A simplified traffic information is defined in CPL 100.10 (2) (a) as "being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges.” Further, CPL 100.10 (2) (a) refers to CPL 100.25, which states that "[a] simplified information must be substantially in the form prescribed by the commissioner of motor vehicles”. 15 NYCRR 91.7 contains the form promulgated by the Commissioner and further states that variations from the prescribed form are not permitted unless approved by the Commissioner.
Although the People supply a letter from the Deputy Commissioner of the Department of Motor Vehicles which states that the "universal” ticket packet is the appropriate accusatory instrument for charging traffic infractions, this court is not presented with a universal ticket. Nor is this court presented with an accusatory instrument which substantially *185 conforms to a simplified traffic information as that is defined in 15 NYCRR part 91. (See, People v Farley, 129 Misc 2d 925 [Suffolk Dist Ct 1985]; People v Blake, supra.)
For the foregoing reasons, the defendant’s motion to dismiss is granted.[3]

. This Abstract was appended to the 91N025070 docket.

. The DMV Abstract lists defendant Ibrahima Kouyate’s address as 55 W. 110 Street, New York, New York. The Abstract also lists Ibrahima’s date *181 of birth as March 24, 1964 and his height as 5 feet 11 inches. In contrast, the Criminal Justice Agency (CJA) Interview Report lists defendant Daouda Kouyate’s current address, where he has lived for the past year, as 1683 Watson Avenue in the Bronx, and his prior address as 21 Covent (sic) Avenue, New York, New York, where he had lived for three years. This Interview Report also lists defendant Daouda Kouyate’s date of birth as May 3,1965. This information was provided to CJA by Daouda Kouyate and was not verified by CJA at the defendant’s request.

. Sealing of this case is ordered stayed for 60 days.