OPINION OF THE COURT
William Garnett, J.
The defendant has moved, pursuant to CPL 170.30 (1) (a), for an order dismissing the accusatory instrument as defective within the meaning of CPL 170.35. CPL 170.35 provides that an accusatory instrument must meet the requirements specified in CPL 100.40.
Specifically, the defense argues that this instrument, whether denominated a simplified traffic information or an information charging an offense, does not satisfy the requirements of a proper accusatory instrument for the commencement of an action.
On September 7, 1993, the defendant was arrested for aggravated unlicensed operation of a motor vehicle in the third degree, a traffic infraction. (Vehicle and Traffic Law § 511 [1] [a].)[1]
The District Attorney filed a uniform traffic ticket as a simplified traffic information for the purpose of commencing the action against the defendant. This instrument is approximately 714 inches long and 4 Vi inches wide and is entitled "Complaint/Information”. The front of this document was completed with the defendant’s name, address and license number, a description of the vehicle which was allegedly operated by the defendant, and the time, date and place of the *772 alleged infraction. The front portion also specified the charge in that the officer wrote "VTL 511 Sub.l” and "Aggravated Unlicensed Operator”.
The back, or reverse, side of this document included factual allegations in a part of the ticket entitled: "Criminal Court Information (Describe Offense)”. The allegations were that: "Operator stopped for speeding (VTL 1180A). Unable to produce license. Computer check revealed 2 suspensions on 2 different dates”. The officer signed and dated this section of the ticket which also contained the following language above the officer’s signature: "I personally observed the commission of the offense charged herein. False statements made herein are punishable as a class A Misdemeanor pursuant to Section 210.45 of the Penal Law, affirmed under the penalty of perjury.”
The ticket was also accompanied at arraignment by a long-form affidavit of the police officer entitled, "Supporting Deposition — Suspended/Revoked Driver’s License.” This affidavit reiterated the officer’s allegations that he had observed the defendant operating a motor vehicle and that a computer check of the records of the New York State Department of Motor Vehicles had revealed that the defendant’s license had been suspended. Further, the affidavit alleged that the defendant’s license was suspended for his failure to answer traffic "summons” (sic) and that all such "summons” (sic) have a preprinted warning that a failure to respond will result in a license suspension. Finally, the affidavit stated the practice of the Department of Motor Vehicles to automatically, by computer, suspend a defendant’s license within four weeks of a failure to respond.
At arraignment, in addition to the ticket and the long-form affidavit, the District Attorney also submitted a N.Y.S.P.I.N. computer printout which indicated that the defendant’s license had been suspended on March 27, 1993 and January 9, 1993 for failures to answer summonses in New York County.
Initially, the defense argues that the officer’s arrest of the defendant pursuant to CPL 140.10 (1) (a) and Vehicle and Traffic Law § 155 transformed the charge from a traffic infraction to an offense. The argument apparently follows that having been summarily arrested for an offense, not a traffic infraction, the defendant may not be charged with violating Vehicle and Traffic Law §511 (1) (a) in a simplified traffic information but must be prosecuted by a regular information. *773 A violation alone may only be prosecuted by information or a prosecutor’s information. (See, People v Blake, 154 Misc 2d 660 [Crim Ct, Kings County 1992].)
This argument misapprehends the purpose of the last sentence of Vehicle and Traffic Law § 155 and the definition of "offense” in Penal Law § 10 (1). GPL 140.10 (1) (a) provides that a police officer may arrest a person for "[a]ny offense when he has reasonable cause to believe that such person has committed such offense in his presence”. The last sentence of Vehicle and Traffic Law § 155 deems a traffic infraction an offense for the purpose of an arrest without a warrant. The sole purpose for the last sentence of Vehicle and Traffic Law § 155 is to give police officers the same authority when a traffic infraction is committed that they possess when a violation, for example, disorderly conduct (Penal Law § 240.20) or harassment (Penal Law § 240.26) is committed in their presence. For this purpose alone, a traffic infraction is "deemed an offense.” (See, People v Abrams, 119 AD2d 682, 683 [2d Dept 1986].)
The Penal Law defines an "offense” as conduct for which a sentence of imprisonment or a fine is provided. The word "offense” includes traffic infractions, violations, misdemeanors and felonies. An offense must be classified by one of these four categories. There is no generic Penal Law designation of an offense for these four categories of offenses are completely inclusive.[2] A traffic infraction cannot become a violation for the definition of a violation expressly excludes traffic infractions. (Penal Law § 10.00 [3].) Moreover, section 55.10 (4) of the Penal Law provides that an offense designated a "traffic infraction” does not become a violation or a misdemeanor by virtue of the prescribed sentence.
Thus, the mere fact that the police officer employed the authority conferred on him by Vehicle and Traffic Law § 155 and GPL 140.10 (1) (a) does not take this offense out of the Vehicle and Traffic Law, change this offense to a violation and preclude the use of a simplified traffic information as an appropriate accusatory instrument.
Next, the defense contends that the accusatory instrument in this case is not a simplified traffic information. Initially, the defense avers that the instrument is defective because it has improper headings on both sides, that it does not identify *774 itself as a simplified traffic information, that it has printing on both sides, and has not been "prescribed by the commissioner of motor vehicles”. Further, the defendant argues that the presence of factual allegations on the reverse side renders the document infirm as a simplified information.
A simplified traffic information is twice defined in the CPL. (CPL 1.20 [5] [b]; 100.10 [2] [a].) Section 100.10 (2) (a) includes the most comprehensive definition and section 1.20 (5) (b) alludes to that full definition contained in article 100. In pertinent part, section 100.10 (2) (a) defines a simplified traffic information as: "a written accusation by a police officer * * * filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges.” The statute also makes explicit that a simplified traffic information is an alternative to a "regular information”.
Section 100.40 (2) governs the facial adequacy of a simplified traffic information. Such an information is facially sufficient when: "it substantially conforms to the requirements therefor prescribed by or pursuant to law”. (CPL 100.40 [2]; emphasis added.) Section 100.25 (1) provides that a simplified information "must be substantially in the form prescribed by the commissioner of motor vehicles” (emphasis added). Thus, "substantial”, not precise or exact, compliance is the standard to be applied in judging the facial sufficiency of a simplified traffic information. (People v Corn, NYLJ, Nov. 13, 1985, at 15, cols 3, 4 [App Term, 9th & 10th Jud Dists].)
Subdivision (2) of CPL 100.25 requires, upon timely demand, that the police file a supporting deposition based on personal knowledge or information and belief providing reasonable cause to believe that the defendant has committed the offense charged. Reasonable cause may be bottomed on hearsay. (CPL 70.10 [2].) Failure to provide this deposition renders the simplified information insufficient on its face. (CPL 100.40 [2].)
Vehicle and Traffic Law § 225 provides that the Commissioner of Motor Vehicles may promulgate regulations to adjudicate traffic infractions in local administrative tribunals.[3] Further, this section expressly authorizes a court having *775 jurisdiction over a traffic infraction to enter a judgment of conviction. Vehicle and Traffic Law § 155 confers jurisdiction upon the criminal court to hear and determine traffic infractions.
Pursuant to the authority granted in Vehicle and Traffic Law §§ 225 and 226, the Commissioner has prescribed the form to be utilized. (15 NYCRR part 122 et seq.) Section 122.2 (a) provides that the ticket packet be 4!4 inches wide and 8V2 inches long. The complaint must include space for the motorist’s name, address, date of birth, sex, license identification, vehicle description, registration information, violation description, time and place of appearance and complainant’s name and affiliation. Section 122.2 (i) creates a presumption that any ticket used by a police officer has been approved by the Commissioner. Finally, "[a]ny variation from this procedure shall not affect the validity of any summons or complaint unless such variation results in a denial of due process.” (15 NYCRR 122.4 [a].)
The ticket form utilized in this case "substantially” conforms to the prescriptions of the Commissioner of Motor Vehicles as codified in 15 NYCRR part 122 et seq. and is therefore not defective within the meaning of CPL 100.40. (See, People v Fried, NYLJ, May 18, 1988, at 15, col 3 [App Term, 9th & 10th Jud Dists]; People v Corn, supra; People v Perlman, 89 Misc 2d 973, 981 [Suffolk Dist Ct 1977], overruled on other grounds Matter of Graf v Foschio, 102 AD2d 891 [2d Dept 1984].) Neither the CPL nor the Commissioner’s regulations mandate that the "written accusation” be entitled: "Simplified Traffic Information”. (See, People v Corn, supra; People v Paige, 124 Misc 2d 118, 121 [Crim Ct, Bronx County 1984].) This ticket is approximately of the dimensions required by the Commissioner. This document has the exact width but is slightly shorter in length. This ticket provides space for all of the items required by the Commissioner in 15 NYCRR 122.2 (c). Moreover, any minor variation does not affect the validity of the document unless the variation would be tantamount to a denial of due process. In the instant case, the variations, if any, inured to the benefit, not the detriment, of the defendant. The material contained on the back of the ticket fleshed out *776 the details of the accusatory portion of the ticket. That material coupled with the long-form affidavit and the N.Y.S.P.I.N. printout fully apprised the defendant of the particulars of the alleged traffic infraction. In fact, the defendant complains that he has been improperly charged because of the additional material which he has received. Yet, the defendant was merely entitled to a "violation description” to satisfy the due process requirements of the statute and the regulation. To dismiss the accusatory instrument for simply providing more than was required by the law would be elevating form over substance. This ticket substantially conforms to the regulations of the Commissioner of Motor Vehicles.
Moreover, the ticket utilized by the New York City Police Department has the specific approbation of the Commissioner of Motor Vehicles. The Commissioner has endorsed this form as the one prescribed for a simplified traffic information.
Finally, the defense contends that this document fails as a simplified traffic information in that the officer included "factual allegations of an evidentiary nature” supporting the charge by completing the short-form affidavit on the back of the ticket.
The definition of a simplified traffic information contained in CPL 100.10 (2) (a) simply identifies this unique instrument and establishes the minimum requirements for such an accusatory instrument. This definition does not prohibit factual allegations. The statutory provision for a simplified information creates a narrow exception to the requirement that most criminal court accusatory instruments establish a prima facie case before the court acquires trial jurisdiction. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [c].) The fortuitous circumstance that an officer provides more details about the charge to the court and the defense than are required for a simplified information does not vitiate the accusatory instrument. It would indeed be ironic if an excess of details, beyond the minimum requirements, would undermine the sufficiency of the simplified information.
Further, the statute does not contain any explicit prohibition against the officer and the prosecution anticipating a timely request for a supporting deposition pursuant to CPL 100.25 (2). Thus, the factual allegations on the reverse side of the ticket may be viewed as an attempt to providently satisfy the mandate of section 100.25 (2) without the necessity of the officer’s subsequent execution of a supporting deposition. Oth *777 erwise, the seemingly gratuitous inclusion of this factual material would have no purpose for the CPL does not provide for a violation complaint. Such a practice should not be condemned but praised as sound preparation. Whether the affidavit on the reverse side is adequate to meet the standards for a supporting deposition or not, it does not change the character and nature of the simplified traffic information.
The Court of Appeals, in People v Key (45 NY2d 111, 115-16 [1978]), countenanced the practice of preparing the supporting deposition prior to a statutory demand. Of course, the putative deposition must meet the requirements of CPL 100.25 (2). However, the provision of a supporting deposition before a formal demand does not undermine the validity of the underlying simplified information. In People v Schuttinger (143 Misc 2d 1032 [Suffolk Dist Ct 1989]), the court ruled that verified factual allegations contained in the simplified traffic information itself satisfied a subsequent demand for a supporting deposition. Although the issue was not raised directly, this court did not question the validity of the accusatory instrument as a simplified information despite the inclusion of factual allegations in the information itself. (See also, People v Blake, supra, 154 Misc 2d, at 663.) In an opinion, not officially reported, the Appellate Term for the Ninth and Tenth Judicial Districts wrote: "The inclusion of a factual section providing defendant somewhat more information than required by the statute does not render an otherwise valid simplified traffic information invalid.” (People v Fried, NYLJ, supra, at 15, col 3.) It is unclear from the opinion whether this statement constituted a ruling or dictum. However, even if not binding precedent in the absence of other appellate authority, this conclusion is extremely persuasive. Thus, an officer’s rendition of the facts of the alleged conduct does not transform a simplified traffic information into a futile attempt to fashion a regular information.
In this case, the officer’s, at worst, superfluous factual account sworn to on the reverse side of the summons does not alter the designation of this accusatory instrument as a simplified traffic information. The definition of a simplified traffic information in section 100.10 (2) (a) manifestly sets the threshold standards for a simplified traffic information. The inclusion of factual material does not nullify the summons as a simplified information. For, as provided in sections 100.25 (1) and 100.40 (2), the facial sufficiency of the instrument is established if the summons "substantially” conforms to the *778 prescriptions of the Commissioner of Motor Vehicles. Neither section 100.40 (2) nor section 100.25 (1) requires that the simplified information be completely barren of factual allegations. The definition in CPL 100.10 (2) (a) merely identifies the accusatory instrument as one to which the less rigorous jurisdictional mandates contained in CPL 100.40 (2) are applicable.[4]
Adoption of the contention of the defense would have the validity of a simplified information turn on an innocuous act by a police officer. This act does not result in any diminution of the defendant’s due process rights but actually enhances the defendant’s awareness of the particulars of the charge which has been leveled against her or him. It is axiomatic that a statute should not be interpreted to produce an absurd result. (McKinney’s Cons Laws of NY, Book 1, Statutes § 145.) Such would be the case if the validity of a simplified information were determined by an officer’s factual account in the information.
Having found that the accusatory instrument before the court is a valid simplified traffic information, the court need not address the arguments made for the dismissal of the instrument as a regular information. Moreover, the court need not rule on the adequacy of the officer’s affidavit on the reverse side of the ticket as an adequate supporting deposition because the People did serve a sufficient long-form affidavit at arraignment. (See, People v Hohmeyer, 70 NY2d 41 [1987]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].) This affidavit coupled with the N.Y.S.P.I.N. printout establishes reasonable cause to believe that the defendant committed the traffic infraction charged.
Thus, the defendant’s motion to dismiss pursuant to CPL 170.30 (1) (a) is denied.

. Effective November 1, 1993, this offense is now designated a misdemeanor. In light of the fact that traffic misdemeanors may be charged in a simplified information, the principles and law discussed below are still applicable.

. CPL 1.20 (39) adds the category of "petty offense” which is defined as a violation or a traffic infraction.

. Vehicle and Traffic Law § 207 and the regulations promulgated there *775 for are not applicable to the City of New York. Both Vehicle and Traffic Law §207 (4) and 15 NYCRR 91.4 exclude cities with a population of one million or over. (See, Matter of Voccola v Shilling, 88 Misc 2d 103, 106 [Sup Ct, Kings County 1976], affd 57 AD2d 931 [2d Dept 1977].)

. To the extent that this opinion is contrary to the decision in People v Farley (129 Misc 2d 925 [Suffolk Dist Ct 1985]), the court respectfully declines to follow that ruling. As indicated above, and in footnote 3, the court finds that the applicable standard for review of the sufficiency of the accusatory instrument is "substantial” conformity with the regulations promulgated by the Commissioner of Motor Vehicles pursuant to Vehicle and Traffic Law § 226.