*673 OPINION OF THE COURT
John Catalog, J.
The defendant is charged by simplified traffic information with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]). He moves for dismissal of the accusatory instrument for facial insufficiency, pursuant to CPL 170.30 (1) (a); 170.35 (1) (a) and 100.40.
The defendant contends that no statutory authority exists for the use of a simplified traffic information as a pleading in the criminal courts of the City of New York. It is the defendant’s position that while the CPL specifically authorizes the use of simplified informations for traffic infractions and misdemeanors relating to traffic, it must be "in a brief or simplified form prescribed by the commissioner of motor vehicles” (CPL 100.10 [2] [a]), and is facially sufficient only if it is in substantially the form prescribed by the Commissioner of Motor Vehicles (CPL 100.25 [1]; 100.40 [2]).[1] According to the defendant, the only form prescribed by the Commissioner of Motor Vehicles for simplified traffic informations is that set forth in the Official Compilation of Codes, Rules and Regulations of the State of New York at 15 NYCRR part 91, pursuant to authority granted by Vehicle and Traffic Law § 207. Defendant argues that Vehicle and Traffic Law § 207 and the rules promulgated thereunder are inapplicable to New York City in that Vehicle and Traffic Law § 207 (4) specifically exempts cities having a population of one million or over from its coverage. The defendant concludes from the section 207 (4) exclusion that the Commissioner of Motor Vehicles has not prescribed a simplified traffic information form for use in the City of New York, precluding its use in our criminal courts. "Furthermore, the defendant contends that recent cases finding the complaint set forth at 15 NYCRR part 122 to be the form authorized by the Commissioner of Motor Vehicles for simplified traffic informa *674 tions within the City of New York are erroneous in their interpretation of the applicable statutes and rules. (See, Vehicle and Traffic Law §§ 225, 226; People v Vierno, 159 Misc 2d 770 [Crim Ct, Richmond County 1993]; People v Alicea, NYLJ, May 17, 1994, at 23, col 1 [Crim Ct, NY County]; People v Smith, NYLJ, Aug. 16, 1994, at 25, col 6 [Crim Ct, NY County].)
Defendant presents the novel argument that the complaint depicted at 15 NYCRR 122.2 applies only to administrative adjudications of traffic infractions before the Traffic Violations Bureau. It is his position that the part 122 complaint does not constitute a simplified traffic information for criminal prosecutions in the Criminal Court of the City of New York.
In order to resolve the issues raised by defendant’s motion, it is first necessary to understand the history underlying the creation by the New York State Legislature of the uniform traffic ticket provisions of the Vehicle and Traffic Law and the exclusion of the City of New York from its coverage, the introduction and use of simplified traffic informations in criminal courts throughout the State and within the City of New York, and the establishment of the Traffic Violations Bureau, as well as the intended interplay between these laws.

The Uniform Traffic Ticket and the Simplified Traffic Information

The uniform traffic summons and complaint, commonly known as the "uniform traffic ticket”, was created by the State Legislature in 1953, thereby establishing the use of one universal ticket form for traffic offenses committed across the State. (Former Vehicle and Traffic Law § 74, as added by L 1953, ch 834, now § 207, as added by L 1959, ch 775 [eff Oct. 1, I960].) However, when prosecutors sought to use the uniform traffic complaint as an accusatory instrument, the Court of Appeals held that they could not do so as the uniform traffic ticket failed to satisfy the requirements of an accusatory instrument as then required. It was held to be a mere appearance ticket that could not serve as a pleading. (People v Scott, 3 NY2d 148 [1957].) In 1962 the Legislature, in response to this deficiency, created Code of Criminal Procedure § 147 (predecessor of the Criminal Procedure Law) entitled "Simplified Traffic Informations”. The goal of section 147 was to allow the use of the uniform ticket packet, which was easy for police officers to carry and fill out, as both the appearance ticket and the accusatory instrument for traffic offenses, without having to meet *675 the statutory requirements set forth for other criminal court accusatory instruments. Following the creation of section 147, either the uniform traffic ticket promulgated, pursuant to Vehicle and Traffic Law § 207 or the form contained in the statute itself at section 147-e could serve as the simplified traffic information.
This newly created simplified traffic information was subsequently upheld against constitutional challenge, and found to be a sufficient pleading. (People v Boback, 23 NY2d 189 [1968].) Pursuant to the authority of Vehicle and Traffic Law § 207, the Commissioner of Motor Vehicles set forth the form of the uniform traffic ticket to be used both as the appearance ticket and as a simplified traffic information at 15 NYCRR part 91. The form at part 91 was recognized as the appropriate simplified traffic information form for use in the State (People v Nuccio, 78 NY2d 102 [1991]) outside of the City of New York. However, by the provisions of Vehicle and Traffic Law § 207 (4) and 15 NYCRR 91.4, the form set forth at part 91 is not the form to be used within the City of New York. (People v Vierno, supra; People v Alicea, supra.)

The Exclusion for the City of New York

The City of New York, from the inception of the uniform traffic ticket provisions in the Vehicle and Traffic Law in 1953, sought exclusion from its coverage.[2] The City’s aim was to use its own ticket form to serve the purposes of the Vehicle and Traffic Law’s uniform traffic ticket, while additionally functioning as an appearance ticket for Administrative Code, Penal Law and other offenses. In 1955 the Legislature passed an amendment, codified at Vehicle and Traffic Law § 74 (4), for the specific purpose of allowing New York City to continue to use and/or adopt its own ticket form.[3]
Subsequent to the 1962 creation of the simplified traffic information, further amendments were made to the Vehicle and Traffic Law effecting New York City’s exclusion. In 1966, New *676 York City’s exclusion was scheduled to be repealed as part of Governor Rockefeller’s 1966 highway safety plan. However, in 1967, a superseding amendment to Vehicle and Traffic Law § 207 retained the subdivision (4) exclusion, but raised its population threshold from cities of 175,000 or more to cities of one million or more. The purpose of the increased population threshold was to limit the exclusion solely to the City of New York. The rationale underlying the 1967 amendment, as stated in the Governor’s Memorandum to the legislation, was to allow the City of New York to employ its own "universal” summons and complaint form to be used in all its traffic cases as well as for other violations, in recognition of the unique needs of law enforcement in such a large and complex city as the City of New York. (Governor’s Mem, 1967 McKinney’s Session Laws of NY, at 1548.)[4]

Creation of the New York City Traffic Violations Bureau

In 1969 the New York State Legislature passed article 2-A of Vehicle and Traffic Law §§ 225 to 228: Adjudication of Traffic Infractions (eff July 1, 1970), specifically designed to reform the traffic court system for New York City. The goal was to eliminate minor traffic infractions from New York City’s criminal courts, thereby relieving them of the large volume of traffic cases then burdening the system. The legislative history reveals that the legislation was expressly prompted by this overcrowding in the New York City criminal courts. (Governor’s Mem, 1969 McKinney’s Session Laws of NY, at 2578.)
Article 2-A created the Traffic Violations Bureau (TVB) where traffic infractions could be disposed of in administrative proceedings. Vehicle and Traffic Law §§ 155 and 225 provide that the criminal courts retain concurrent jurisdiction over *677 traffic infractions with the administrative tribunal. Where a crime is charged along with a traffic infraction, the proper jurisdiction is in the criminal courts. If a crime relating to traffic is improperly made returnable before the administrative tribunal, the TVB is to transfer the complaint to the appropriate criminal court. "Thereafter, such case shall be treated in the same manner as if the complaint had initially been filed with such court”. (Vehicle and Traffic Law § 225 [2].)
Vehicle and Traffic Law § 226 (1) authorizes the Commissioner to prescribe by regulation the form for the summons and complaint. The form used may, but need not, be in the same form as the uniform summons of Vehicle and Traffic Law § 207. For the City of New York this would be its form used under its section 207 (4) exclusion, which may be changed by rule or regulation.
Pursuant to the authority set forth in Vehicle and Traffic Law §§ 225 and 226, the Commissioner of Motor Vehicles set forth the form for the ticket to be used in New York City at 15 NYCRR part 122 (eff July 1, 1970). Part 122 created a single summons and complaint form to be used not only in cases returnable before the department (TVB), but also as the accusatory instrument in the Criminal Court of the City of New York, and at the Parking Violations Bureau (15 NYCRR 122.1). As originally drafted in 1970, 15 NYCRR 122.1 noted that the summons and complaint form of part 122 applied solely to the City of New York. The form set forth at section 122.4 is substantially the form used herein against this defendant.
In 1970, the Criminal Procedure Law was enacted superseding the Code of Criminal Procedure. (L 1970, ch 996, eff Sept. 1, 1971.) In place of Code of Criminal Procedure § 147 the Legislature passed four main sections relating to the simplified traffic information: CPL 1.20 (5); 100.10 (2); 100.25 and 100.40 (2). These sections state that the simplified traffic information filed with a local criminal court should be "in a brief or simplified form prescribed by the commissioner of motor vehicles” (CPL 1.20 [5]; 100.10 [2]), "must be substantially in the form prescribed by the commissioner of motor vehicles” (CPL 100.25 [1]), and is sufficient on its face when, as provided in CPL 100.25 (1) "it substantially conforms to the requirement thereof prescribed by or pursuant to law” (CPL 100.40 [2]).
In response to the creation of the Criminal Procedure Law, 15 NYCRR 122.1 was amended to expressly designate the form set forth at section 122.4 as the simplified traffic information for use in New York City. (15 NYCRR 122.1, amend filed Dec. *678 29, 1972, eff Jan. 1, 1973.) In 1973, section 122.1 read, in relevant part: "The term 'summons’ is equivalent to the term 'appearance ticket’ as used in the Criminal Procedure Law. The term 'complaint’ is equivalent to the terms 'accusatory instrument’ or 'simplified traffic information’ as used in the Criminal Procedure Law.” The summons and complaint/simplified traffic information are listed as returnable in the Criminal Court of the City of New York. A sample illustrated complaint form depicted at section 122.4 is virtually identical to that used as the simplified traffic information herein. Also reflected in the rules at this time was the addition of the Cities of Buffalo and Rochester to the coverage of part 122, pursuant to the 1972 amendment of Vehicle and Traffic Law § 225 (1) which reduced the population threshold for creation of TVBs from one million or more to 275,000 or more. (L 1972, ch 359.)

Current History

In 1978, 15 NYCRR part 121 et seq. was repealed and redrafted (eff May 1, 1978). The rules fail to set forth the rationale underlying this change in the structure of the TVB regulations. However, there is substantial evidence that no procedural changes were intended as to the criminal courts of the City of New York. No major legislative changes occurred to Vehicle and Traffic Law §§ 207, 225 or 226 during this period (1972-1978), other than authorizing the creation of TVBs in parts of Suffolk County (L 1976, ch 675).
With the 1978 redrafting of the rules, the express language of section 122.1 which designated the complaint as a simplified traffic information was omitted. Additionally, the specifications of the ticket packet were now set forth at 15 NYCRR 122.2 (in place of former §§ 122.3, 122.4). The size, layout and information that must be contained in the complaint were stated in section 122.2 (a) to (c), and remain in effect to date.[5] While the sample illustrated form contained at section 122.4 no longer appears in part 122 after 1978, no significant changes were *679 made to the size, layout or information requirements of the complaint (see, 15 NYCRR 122.3 [1970-1978]).
The court does not find the omission of the actual illustrated sample complaint/simplified traffic information to be a legal impediment to the continued use of that model form by the City of New York. That form, which the City has used from the creation of 15 NYCRR part 122 in 1970 to date, is in full conformity with all of the information, size and format specifications set forth under the current section 122.2. Furthermore, the deletion of the specific language equating the complaint with the CPL’s simplified traffic information appears to have been prompted by the addition of other cities as well as parts of Suffolk County to the coverage of Vehicle and Traffic Law §§ 225 and 226,[6] as opposed to any intent to discontinue the use of the part 122 complaint form as the City of New York’s simplified traffic information. Moreover, the lack of an express reference to simplified traffic informations in the current rules is not crucial as the character of an instrument is ascertained from its content, not from its title. (See, People v Rodman, 32 NY2d 821 [1973]; People v Corn, NYLJ, Nov. 13, 1985, at 15, col 3 [App Term, 2d Dept] [substantial compliance with the form required by the Commissioner of Motor Vehicles is all that is required for the instrument to be a simplified traffic information].)
Further evidence that the complaint at section 122.2 continues to be the appropriate simplified traffic information form in New York City is demonstrated by the numerous provisions presently within part 121 et seq. which refer to the filing of the complaint in the criminal courts. Section 121.5 (o) *680 describes the ticket form: "Ticket packet shall mean a numbered multipage form consisting of a complaint, a court appearance ticket, the bureau summons and the notice of violation for parking offenses (optional)”. Section 122.2 (d) states that "[t]he appearance ticket shall be returnable to a local court having concurrent traffic jurisdiction and shall contain space for recording the same information as Part I [the complaint]”. Section 122.4 (f) states "[t]he agency shall segregate Part I of all tickets issued, by court or bureau before which it is returnable, and shall deliver the same to the appropriate court or bureau”. Section 125.4 entitled "Transfer of cases” states that "[if] a complaint made returnable before the bureau alleges an offense other than a traffic infraction, the complaint will be transferred to a tribunal of appropriate jurisdiction” (see also, § 122.5 [b]). Thus, despite the deletion of the specific reference to simplified traffic informations when part 122 was redrafted to include other cities and areas of the State, a reading of the current regulations in conjunction with their statutory authority illustrates the continued intention of the drafters that the complaint form serve both as a simplified traffic information in the Criminal Court of the City of New York and as the complaint at the TVB.
Pursuant to rules of statutory construction, the primary consideration of the court in construing a statute is to ascertain and give effect to the intention of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 92.) The construction that is preferred is that which furthers the spirit and purpose of the statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 960 As evidenced by the legislative history of the statutes involved in the creation of the uniform traffic summons and complaint, the simplified traffic information and the Traffic Violations Bureau, it is apparent that the City of New York was meant to employ a simplified traffic information in a form separate and distinct from the rest of the State. Upon the creation of the TVB and the CPL, the Commissioner of Motor Vehicles designated the form at 15 NYCRR part 122 as the form for use as a simplified traffic information in New York City’s criminal courts. The subsequent changes in the rules do not reflect any intent to alter the use of the part 122 form as the simplified traffic information in New York City. That form has been the simplified traffic information form used in New York City since 1970. Such a long continued course of action by public officers is entitled to great weight in the court’s analysis. (McKinney’s Cons Laws of NY, Book 1, Statutes § 129.)
*681 Accordingly, the defendant’s motion to dismiss the accusatory instrument as facially insufficient is denied. The accusatory instrument is a simplified traffic information in conformity with the requirements of 15 NYCRR part 122.
Defendant’s additional argument that the accusatory instrument is insufficient for failure to contain corroborating affidavits and/or business records setting forth nonhearsay factual allegations as to all elements of the offense is without merit. Such nonhearsay pleading is not applicable to simplified traffic informations. (People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].) The simplified traffic information and supporting deposition filed herein provide reasonable cause to believe the defendant committed the crime of aggravated unlicensed operation of a motor vehicle. (People v Hohmeyer, 70 NY2d 41 [1987]; People v Key, 45 NY2d 111 [1978].)
CONCLUSION
The defendant’s motion to dismiss the accusatory instrument for facial insufficiency is denied. The accusatory instrument is a facially sufficient simplified traffic information.

. "A 'simplified traffic information’ is a written accusation by a police officer or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges.” (CPL 100.10 [2] [a]; see also, CPL 1.20 [5] [b].)

. See, letter to the Governor from the Mayor of the City of New York, Bill Jacket, L 1953, ch 834.

. In the original legislation, the Commissioner retained the right to limit the application of any rule or regulation to specified areas of the State. (L 1953, ch 834, Vehicle and Traffic Law § 74 [3].) Effective April 27, 1955 (L 1955, ch 742) Vehicle and Traffic Law § 74 (4) sets forth a specific exclusion for the City of New York, stating: "The provisions of this section shall not apply to or supersede any ordinance, rule or regulation heretofore or hereafter made, adopted or prescribed pursuant to law in any city having a population of one hundred seventy-five thousand or over”.

. The Appellate Division of the First and Second Departments was to prepare the "new 'universal’ summons and simplified complaint form” pursuant to New York City Criminal Court Act § 57. (Legislative Mem, 1967 McKinney’s Session Laws of NY, at 1495.) By this authority, the universal summons and complaint form set forth at 22 NYCRR 2950.10 constituted a simplified traffic information, pursuant to the exclusion at Vehicle and Traffic Law § 207 (4). In 1970, with the creation of the Traffic Violations Bureau, a new form was created for use as the simplified traffic information in New York City, superseding the use of this form. (See, infra.) Although 22 NYCRR 2950.10 was not officially repealed until January 6, 1986, its authorizing statute, New York City Criminal Court Act § 57, was repealed on September 1, 1971, the same date that the Criminal Procedure Law became effective. The purpose of the repeal of section 57, as well as other sections of the New York City Criminal Court Act, was to avoid conflict with the now controlling provisions of the Criminal Procedure Law.

. 15 NYCRR 122.2 states:
"(a) [T]he ticket packet shall be a multipage form of at least three parts, approximately 4[1]/4 inches wide and 8[1]/2 inches high, including a half-inch stub or binding across the top.
"(b) A serial number, in a series, form and color approved by the commissioner, shall be printed at the top of each part.
"(c) Part I, the complaint, shall contain a space for: (1) motorist’s name; (2) address; (3) date of birth; (4) sex; (5) license identification; (6) vehicle description; (7) registration information; (8) violation description; (9) time and place of appearance; and (10) complainant’s name and affiliation.”

. The addition of the Cities of Buffalo and Rochester to the coverage of 15 NYCRR part 121 et seq. created a predicament in that those cities were required to use the form at 15 NYCRR part 91 as their traffic ticket and simplified traffic information. Only the City of New York, with a population of a million or more (Vehicle and Traffic Law § 207 [4]), could use the form at 15 NYCRR part 122 as both its TVB complaint and as its traffic ticket and simplified traffic information in criminal court. It appears the sample illustrated form in part 122 was deleted in an attempt to conform the requirements of part 122 to part 91 for the Cities of Buffalo and Rochester, while allowing the City of New York to continue to use the form it had in effect under part 122. In 1988, this attempt seems to have been abandoned in recognition of the necessity that cities other than New York City must use the part 91 form. 15 NYCRR 122.6, drafted in 1988, specifically states that the provisions of part 122 shall not apply to Buffalo and Rochester, whose "ticket packets shall be subject to the specifications and procedures set forth in Part 91 of this Title”. No intent to alter the use of the part 122 complaint/ simplified traffic information in New York City is indicated by these rule changes.